Raymond Klein KICKEN and Enid Darlene Kicken, Plaintiffs,

v.

VALENTINE PRODUCTION CREDIT ASSOCIATION, et al., Defendants.

No. CV84–L–374.

United States District Court, D. Nebraska.

June 22, 1984.

Raymond Klein Kicken and Enid Darlene Kicken, pro se.

John P. Heil of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, Omaha, Neb., for defendants.

## MEMORANDUM

URBOM, Chief Judge.

On June 6, 1984, I dismissed the plaintiffs' complaint except for claims relating to a June 18, 1981, transaction, but I gave them time to amend their complaint to show the purpose of the transaction and whether the realty used to secure the loan included the plaintiffs' dwelling. This information must be pleaded properly in order for the plaintiffs to have a cause of action under 15 U.S.C. §§ 1635 and 1640. The plaintiffs' responses, filings 9, 10 and 11, do not supply the required information. Pursuant to my earlier order, I shall dismiss the action.

The plaintiffs' newly filed documents raise several new arguments. In filing 9, the plaintiffs argue that dismissal is improper if there is a possibility that they could obtain some relief on the facts stated. This was the basis of my decision: the statute of limitations problem completely bars all relief on the alleged Truth in Lending Act violations; the agricultural purposes of many of the loans make the Act inapplicable, so the plaintiffs could not recover under the Act. The reason I required more information about the June 18, 1981, loan was that the plaintiffs had not pleaded enough information to show that the loan was covered by the Truth in Lending Act; even if they had proved at trial every other fact in their complaint, I would have had to find for the defendants.

■ Filing 9 also contends that the complaint invokes all of Tit. 12 U.S.C. Ch. 27, instead of the sections I discussed. Section 2601 of that chapter says that the chapter's intent is to change the settlement process for residential realty and to protect home buyers and sellers. Nothing in the complaint or amended complaint indicates that the plaintiff bought from or sold residential realty to the defendants. I have no reason to believe the chapter applies. The plaintiffs' claims under 15 U.S.C. §§ 1701 et seq. suffer from the same problem. Those sections constitute the Interstate Land Sales Full Disclosure Act, which concerns subdivisions and common promotional plans. See 15 U.S.C. §§ 1701(3) and (4). Again, the plaintiffs have not shown that they purchased from or sold real estate to the defendants, nor have they pleaded information which would show that the many exemptions listed in § 1702 do not apply.

■ In response to my earlier order, paragraph 7 of filing 9 argues and paragraph 21 of filing 10 alleges that the defendants did not explain why they were denying or revoking credit. The plaintiffs have not, however, alleged when they applied for credit, how they applied for credit, or when the application was denied or revoked. I also note that paragraph 30 of the amended complaint alleges that the defendants "extended to Plaintiffs more credit, after Defendants informed Plaintiffs that Defendants acknowledged that plain-

tiffs situation was hopeless." In other words, the plaintiffs complain that the defendants gave them too little credit and too much credit. Furthermore, this allegation supplies a more than adequate reason for later denying credit.

■ In my earlier order I said that the several loans of which the plaintiffs complain say that they were made for agricultural purposes, which exempts them from the Truth in Lending Act. In paragraph 9 of filing 9, the plaintiffs argue that the loan statements do "no more than raise a rebuttable presumption," so that under 15 U.S.C. § 1635(c) there is an issue for trial. Actually, § 1635(c) says that a written acknowledgement by a borrower that the borrower has received certain disclosures "does no more than create a rebuttable presumption *of delivery* thereof." The section does not do what the plaintiffs say it does.

■ As to the new claims raised in the amended complaint, filing 10, paragraph 11 invokes the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq., and alleges various acts that the production credit association took to collect debts. However, the Act does not cover acts which a company or its employees take to collect debts owed to the company. 15 U.S.C. § 1692a(6). Paragraph 11(d) claims that the defendants did not inform the plaintiffs of a right to deferral under 15 U.S.C. § 636(b). However, that section covers only loans made by the Small Business Administration. See 15 U.S.C. § 633(a).

Paragraph 17 refers to "803 F 2d 233," just as the original complaint did. As I pointed out in my earlier order, that case actually appears at 703 F.2d 233. The 803rd volume of the Federal Reporter 2d series has not been published, and I find it curious that I have seen the same error in documents submitted by other parties complaining about agricultural loans.

■ Paragraph 19 alleges that 15 U.S.C. § 1640's one-year statute of limitations should be tolled by the equitable doctrine of fraudulent concealment. Under this doctrine, a plaintiff must show that he exercised due diligence to discover his cause of action before the statute of limitations expired and that the defendant committed some affirmative act of fraudulent concealment which prevented the plaintiff from discovering his cause of action. *Hughes v. Cardinal Federal Savings and Loan Association,* 566 F.Supp. 834, 838 (U.S.D.C.S.D.Ohio 1983). Since a cause of action under § 1640 is created by nondisclosure of certain rights, the doctrine of fraudulent concealment does not apply unless the defendants have done more than merely failing to disclose certain information. *Id.; Chevalier v. Baird Springs Association,* 371 F.Supp. 1282, 1284–1285 (U.S.D.C.Wyo.1974). The plaintiffs have not made any allegations which would satisfy these requirements. Furthermore, Rule 9(c) of the Federal Rules of Civil Procedure requires a plaintiff to allege the circumstances constituting fraud "with particularity."

■ In paragraph 26, the plaintiffs allege that the defendants failed to cancel superseded mortgages, but they do not inform me what federal or state laws this alleged failure violated. Paragraph 30, which I mentioned above, also alleges a violation of 18 U.S.C. § 892. This statute imposes a criminal—not civil—liability and applies only to extortionate extensions of credit, which are defined as extensions where the debtor and creditor understand that failure to repay the loan could result in the use of violence. 18 U.S.C. § 891(6). This has not been pleaded here.

■ Paragraph 31 complains that the defendants required additional security for existing loans. It does not state when the defendants allegedly did this, how they did it, or what statutes or laws that alleged conduct violated. Paragraph 34 alleges violations of several criminal statutes, which do not provide for civil liability. I note that 18 U.S.C. § 857(d) does not exist.

■ Paragraph 35 alleges that the Federal Intermediate Credit Bank of Omaha took over collection and attempted to

require repayment by the use of allegedly void and unenforceable documents, which are described as Exhibits I1 and I2 attached to the original complaint. The plaintiffs do not allege why these documents are void, illegal, or unenforceable; the documents merely say that the production credit association has assigned its loans to the bank. Paragraph 49 complains that agents of the association notarized several loan documents. This is completely proper under § 64–212, R.R.S. Neb. (Reissue 1981).

In paragraphs 51 through 58 the plaintiffs complain that the defendants have not registered the stock they have issued or complied with the state's blue-sky laws. The statute which the plaintiffs cite, 15 U.S.C. § 80a–24, is part of a chapter that applies only to investment companies. See 15 U.S.C. § 80a–1. As I explained in my earlier memorandum, the plaintiffs' allegations do not give me any reason to believe that the defendants are investment companies. As for the other federal securities laws, both the Securities Act of 1933 and the Securities Exchange Act of 1934 exempt a large number of transactions, 15 U.S.C. §§ 77c(a) and § 78*l*(g)(2). The plaintiffs' allegations do not show that the defendants' stock is covered by the acts and not covered by the exemptions. The plaintiffs also refer to Nebraska's blue-sky laws, by which I assume they mean § 8–1101 et seq., R.R.S. Neb. (Reissue 1983). Again, the plaintiffs have failed to allege sufficient information which would show that the exemptions in §§ 8–1110 and 8–1111 do not apply.

Paragraph 60 alleges that the "Production Credit Association and Defendant officers ... are ultra vires." Only acts—not persons or organizations—can be ultra vires, and the plaintiffs have not alleged which acts are ultra vires or explained why. Paragraph 61 is unintelligible. Paragraph 62 complains that banks cannot lend their credit and cites *Lane v. Railey*, 280 Ky. 319, 133 S.W.2d 74 (Ky.Ct. App.1939) as limiting the meaning of money to gold, silver or paper money. The gist of the argument seems to be that because the defendants did not give the defendants gold or paper money as loan proceeds, the loans are invalid. This is a specious argument. *Lane*'s definition was made in response to a will which left a bequest to a person if the estate contained sufficient "cash." It does not mean that notes, bonds and other financial documents are valueless. The defendants lent the plaintiffs money—i.e., purchasing power, whether in the form of gold, cash, credit or wampum. Having used that purchasing power, the plaintiffs now are obligated to repay it.

Filing 11, which I regard as a motion to reconsider, raises many of the points I have discussed earlier and I shall not repeat them. I note, however, that the plaintiffs argue that because of fraud allegations, "established Case law with conclusions of fact or law may not be imposed on Plaintiffs as the burden of proof is on the Defendants." This is not true. The plaintiffs bear the burden of properly alleging fraud before he can receive a trial on the merits; at trial, he bears the burden of proving fraud. As I have explained, the plaintiffs' allegations are woefully and fatally insufficient. The plaintiffs also argue that a court cannot deny a hearing on the merits because the court feels the case is "probably frivolous." Many parts of this lawsuit are frivolous because they are based on statutes which have no relevance to the facts as alleged; others are frivolous because they are barred by statutes of limitations. The remainder are based on allegations which, because of vagueness or incompleteness, do not allege a cause of action. In such circumstances, I may dismiss the action sua sponte under Rule 12(b) of the Federal Rules of Civil Procedure. *Martin-Trigona v. Stewart*, 691 F.2d 856, 858 (C.A. 8th Cir.1982).