Section 2.  This ordinance shall be in full force and effect from and after its passage and approval.

PASSED THIS 15th DAY OF August, 1984.

APPROVED THIS 15th DAY OF August, 1984.

/s/ E.W. Bill Abram
E.W. (Bill) Abram, Mayor

ATTEST:

/s/ Mary E. Oellermann
Mary E. Oellermann, City Clerk

### JUDGMENT

Findings of fact and conclusions of law, dated this day, are hereby incorporated into and made a part of this judgment.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that judgment be and the same is entered in favor of defendant City of Bridgeton.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, under the circumstances, plaintiff's requests for an award of attorney's fees pursuant to 42 U.S.C. § 1988 and for hearing thereon be and the same are denied.

Clarence J. DAU and Geraldine A. Dau, Husband and Wife, Plaintiffs,

v.

STORM LAKE PRODUCTION CREDIT ASSOCIATION and Kenneth Stephens, Defendants.

No. C 84–4140.

United States District Court, N.D. Iowa, W.D.

Dec. 30, 1985.

Clarence J. Dau and Geraldine A. Dau, pro se.

David L. Sayre, Cherokee, Iowa, William R. King, Steven L. Nelson, Des Moines, Iowa, for defendants.

## ORDER

DONALD E. O'BRIEN, Chief Judge.

The Court has before it defendants' motion to dismiss as well as plaintiffs' notice of rescission default. A hearing was held on this matter in Sioux City, Iowa, at which plaintiffs appeared pro se and defendants were represented by counsel. After carefully considering the briefs and oral arguments of the parties, the Court grants defendants' motion to dismiss and vacates plaintiffs' notice of rescission default.

Plaintiffs' complaint contains eight counts, which purport to assert violations of federal and state statutes, federal and state constitutions, and state common law rights arising out of certain secured loan transactions which occurred in 1983. Apparently, plaintiffs claim that this Court has jurisdiction over this case on the basis of both federal question jurisdiction and diversity jurisdiction. In determining defendants' motion to dismiss, this Court has reviewed documents besides the motion and brief in support of the motion to dismiss. As a result, this Court treats such motion as a motion for summary judgment. Fed.R.Civ.P. 12(b). In its discussion of defendants' motion for summary judgment, the Court will address each of plaintiffs' claims separately.

### I. 15 U.S.C. § 1601, *et seq.*

■ In Counts I, II, III, IV, VI and VIII, plaintiffs purport to allege claims arising out of the federal Truth in Lending Act. 15 U.S.C. § 1601, *et seq.* Credit transactions involving extensions of credit primarily for business, commercial or agricultural purposes are expressly exempt from the requirements of subchapter 1 of the Truth in Lending Act. 15 U.S.C. § 1603(1). Agricultural purposes are defined broadly to include the production, harvest, exhibition, marketing, transportation, processing, or manufacture of agricultural products, includes the acquisition of farm land, real property from a farm residence, and personal property used primarily in farming. 15 U.S.C. § 1602(s); *see also* 12 C.F.R. § 226.2(e) (1981). In reviewing plaintiffs' complaint and the documents attached, the Court finds that the loans in question were for agricultural purposes. As a result, the Court finds that plaintiffs have not stated a claim under the Truth in Lending Act. *See K/O Ranch, Inc. v. Norwest Bank of Black Hills,* 748 F.2d 1246, 1248–49 (8th Cir.1984).

### II. 15 U.S.C. § 1692, *et seq.*

■ In Counts I and VI of plaintiffs' complaint, it is alleged that defendants violated the federal Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* Under the Debt Collection Practices Act, a debt collector is defined as "any person who uses any

instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term "debt collector" does not include "any officer or employee of a creditor while, in the name of the creditor collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A); *see also Kicken v. Valentine Production Credit Association*, 628 F.Supp. 1008 (D.Neb.1984). Because Defendant Storm Lake Production Credit Association is a "creditor" within the definition of 15 U.S.C. § 1692a(4), it is not a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the Debt Collection Practices Act, and therefore, the Court finds that plaintiffs have no cause of action under that act against Storm Lake Production Credit Association. Furthermore, because Defendant Stephens was a branch manager for Storm Lake Production Credit Association, he is also excluded from the definition of "debt collector." 15 U.S.C. § 1692a(6)

### III. Securities Exchange Act of 1934, the Securities Act of 1933, the Investment Company Act of 1940, and the Public Utility Holding Company Act.

■ In their complaint, plaintiffs allege that defendants violated various provisions of the Securities Exchange Act of 1934, the Securities Act of 1933 and the Securities Exchange Act of 1934. After reviewing those provisions, however, the Court is not convinced that plaintiffs have stated a claim under those statutes, since the complaint concerns neither securities nor investment companies. *See Kicken v. Valentine Production Credit Association*, No. 84–L–374, slip op. at 1 (D.Neb. June 6, 1984). Furthermore, the Court finds that plaintiff has not stated a claim under the Public Utility Holding Company Act. *See Jonak v. John Hancock Mutual Life Insurance Co.*, No. 84–L–523 (D.Neb. Jan. 4, 1985).

### IV. 15 U.S.C. § 77aaa.

Plaintiffs claim defendants violated the Federal Indenture Act of 1939. 15 U.S.C. § 77aaa et seq. However, where stock is exempt under the Securities Act of 1933, as this Court finds, it is also exempt under the Federal Indenture Act. 15 U.S.C. § 77ddd(a)(4)(A). The Court therefore dismisses that part of the claim.

### V. Iowa Code § 502.201.

■ Plaintiffs claim that defendants violated the Iowa Blue Sky Law, which requires registration of securities. Iowa Code § 502.201 (1985). Iowa Code § 502.-202(1) contains exemptions pertinent to the defendants' stock since the Court deems defendants to be an instrumentality of the United States. It therefore dismisses plaintiffs' claim based on the Iowa Blue Sky Law.

### VI. 12 U.S.C. § 2601, *et seq.*

■ Plaintiffs' complaint alleges that there is jurisdiction under the Federal Real Estate Procedure Act. 12 U.S.C. § 2601, *et seq.* However, they have not alleged any violation of the statute. Even if they had, their claim would still fail. First, there is no allegation that any of the loan was used to finance the purchase or transfer of legal title of real property, 24 C.F.R. § 3500.-5(d)(2). Second, regulation X, part 3500, the "Real Estate Settlement Procedures" regulations, § 3500.5(d)(1), exempts the transaction which is the subject of this lawsuit based upon a 25-acre maximum limitation. The Court therefore finds that plaintiffs have no claim under the Real Estate Settlement Procedure Act and therefore dismisses it.

### VII. 42 U.S.C., Chapter 21.

Plaintiffs also argue that defendants violated their civil rights. Plaintiffs cite 42 U.S.C. § 21 in support of their argument. Since the section cited by plaintiffs was repealed in 1944, this Court dismissed plaintiffs' claim based on that section.

VIII. Fiduciary Duty.

Plaintiffs allege violation of fiduciary duty to them by defendants because of the acceleration letter. Plaintiffs have made no showing supporting such fiduciary relationship under state or federal law. The Court finds no statement of facts or claim adduced which would grant federal question jurisdiction under federal common law with regard to fiduciary capacity. *See Boyster v. Roden*, 628 F.2d 1121 (8th Cir. 1980). As a result, the Court dismisses plaintiffs' claim of breach of fiduciary duty.

IX. Ultra Vires.

Plaintiffs claim defendants are ultra vires, but fail to show how or on what grounds. Acts, not persons, can only be ultra vires. Such allegations are broad, vague, conclusory and insufficient to state a claim upon which relief may be granted. Therefore, the Court dismisses that part of plaintiffs' complaint.

X. Other Statutory Provisions.

Plaintiffs assert this Court has jurisdiction over this matter pursuant to several other federal statutory sections. The Court has reviewed these sections and has found them to be inapplicable to the case at bar.

In finding that plaintiffs have no cause of action against the defendants, the Court is not being unsympathetic to plaintiffs' problems. Nevertheless, by bringing an action such as the one at bar, the Court has no choice but to follow the several cases similar to this one and to dismiss it.

The Court finds that all other motions by the parties should be denied.

IT IS THEREFORE ORDERED that defendants' motion to dismiss be granted and this case is hereby dismissed.

IT IS FURTHER ORDERED that defendants' motion for sanctions is denied.

IT IS FURTHER ORDERED that plaintiffs' motions be denied.