676 F.Supp. 937 (1988)
Tracy KEMPF, a/k/a Tracy Hankins, Plaintiff,
v.
FAMOUS BARR CO. and Lois Wilson, Defendants.
No. 87-1872C-(1).
United States District Court, E.D. Missouri, E.D.
January 22, 1988.
Michael F. Merritt, Creve Coeur, Mo., for plaintiff.
Eugene K. Buckley, Evans & Dixon, St. Louis, Mo., for defendants.

ORDER AND MEMORANDUM
NANGLE, Chief Judge.
IT IS HEREBY ORDERED that defendants' motion for summary judgment be and is denied.
Plaintiff Tracy Kempf a/k/a Tracy Hankins brought this action against defendants Famous Barr Co. and Lois Wilson under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. Plaintiff alleges that: (1) defendant Wilson is an employee of defendant Famous Barr, (2) in that capacity, defendant Wilson attempted to collect *938 from plaintiff a debt allegedly owed to defendant Famous Barr, (3) defendants Wilson and Famous Barr are "debt collectors" as defined by the Act at 15 U.S.C. § 1692a(6), and (4) as "debt collectors," defendant Wilson directly, and defendant Famous Barr indirectly through defendant Wilson, committed numerous unfair debt collection practices in violation of the Act. Defendants Wilson and Famous Barr move for summary judgment contending that they are not "debt collectors" within the meaning of the Act, 15 U.S.C. § 1692a(6).
The prohibitions of the Act apply only to "debt collectors" as defined by the Act. See generally 15 U.S.C. § 1692c through § 1692i. Likewise, the Act imposes civil liability only on "debt collectors." See 15 U.S.C. § 1692k. Thus, plaintiff can recover from defendants only if defendants are "debt collectors" as defined by the Act at 15 U.S.C. § 1692a(6).
The Fair Debt Collection Practices Act defines "debt collector" in pertinent part as follows:
(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.... [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.... The term does not include (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor; * * *
15 U.S.C. § 1692a(6) (1987 Supp.). The Act defines creditor as follows:
(4) The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.
15 U.S.C. § 1692a(4). The definition of "debt collector" thus includes: (1) persons in a business the principal purpose of which is the collection of debts, (2) persons who regularly collect or attempt to collect, directly or indirectly, debts owed or due another, and (3) creditors, who in the process of collecting their own debts, use any names which would indicate that a third person is collecting or attempting to collect such debts. See Kimber v. Federal Financial Corp., 668 F.Supp. 1480, 1483-84 (M.D.Ala.1987); Horne v. Farrell, 560 F.Supp. 219, 224 (M.D.Pa.1983).
The definition of "debt collector" does not include a creditor collecting his own debts so long as the employee acting on behalf of the creditor does not indicate that the employee works for a third person. The creditor will not be deemed a "debt collector" so long as the employee acts "in the name of the creditor" by informing the debtor that she is collecting the debt as an employee of the creditor. Similarly, even though the employee of the creditor regularly collects debts owed to another (i.e. her employer/creditor), the employee is not a "debt collector" so long as the employee acts "in the name of the creditor" by informing the debtor that she is collecting the debt as an employee of the creditor. See 1977 U.S.Code Cong. & Admin.News 1695, 1698 ("The term debt collector is not intended to include ... `in house' collectors for creditors so long as they use the creditor's true business name when collecting."). See also Kicken v. Valentine Production Credit Ass'n., 628 F.Supp. 1008, 1011 (D.Neb.1984); Dau v. Storm Lake Production Credit Ass'n., 626 F.Supp. 862 (N.D. Iowa 1985); West v. Costen, 558 F.Supp. 564, 573 (W.D.Va.1983). Conversely, if the employee of the creditor collecting the debt on behalf of the creditor indicates to the debtor that she is collecting the debt as an employee of a third person, then the creditor is a "debt collector." Likewise, if the employee of the creditor denies that she is collecting the debt as an employee of the creditor, then the employee is a "debt collector" because the employee collects debts *939 owed to another but does not act "in the name of the creditor."

Summary Judgment
In determining whether summary judgment should issue, the facts and inferences from these facts are viewed in the light most favorable to the non-moving party and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that she is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 1356-1357, 89 L.Ed.2d 538 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has met this burden, the non-moving party may not rest on the allegations in its pleadings but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e). See also 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2739 (1983).
By affidavit, defendant Wilson avers that: (1) she is an employee of defendant Famous Barr, (2) she collects debts only for defendant Famous Barr and does not collect debts owed to any other persons, (3) when she collects debts for defendant Famous Barr, she informs the debtor that she works for defendant Famous Barr and she never represents to the debtor that she is working for anyone other than defendant Famous Barr. Further, by affidavit, Joseph Williams, a Vice-President at defendant Famous Barr, avers that defendant Famous Barr collects only debts owed to defendant Famous Barr, that such debts arise from credit extended by defendant Famous Barr to debtors, and that defendant Famous Barr does not collect debts owed to other persons.
By affidavit, plaintiff avers that, when defendant Wilson contacted her, defendant Wilson misrepresented her identity and denied being associated with defendant Famous Barr.
If the finder of fact accepts defendants' version of events, then defendants Wilson and Famous Barr are not liable under the Fair Debt Collection Practices Act because they did not act as "debt collectors" as defined at 15 U.S.C. § 1692a(6) because defendant Famous Barr acted as a creditor of plaintiff, defendant Wilson acted as an employee of and in the name of defendant Famous Barr, and defendant Wilson did not indicate that she worked for a third person. Conversely, if the finder of fact accepts plaintiff's version of events, then defendants Wilson and Famous Barr may be liable under the Act because they would have acted as "debt collectors" because, by denying being associated with defendant Famous Barr, defendant Wilson did not act in the name of defendant Famous Barr and defendant Wilson impliedly indicated that she worked for a third person.
Viewing the facts in the light most favorable to plaintiff, defendants have failed to establish the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law. Therefore, defendants' motion for summary judgment is denied.