## 1170

David PHILLIPS, Appellant v. PERIODICAL PUBLISHERS' SERVICE BUREAU, INC., d/b/a National Collection Agency, Respondent.

(369 S. E. (2d) 154)

Court of Appeals

*Judson K. Chapin, III* of *Perrin, Perrin, Mann & Patterson,* Spartanburg, *for appellant.*

*Paul R. Hibbard* and *Donna Faye Shetley* of *Johnson, Smith, Hibbard, Wildman & Dennis,* Spartanburg, *for respondent.*

Heard April 19, 1988.

Decided May 23, 1988.

GOOLSBY, Judge:

This action by David Phillips involves the Fair Debt Collection Practices Act ("FDCPA"). *See* 15 U.S.C.S. §§ 1692 *et seq.* (1982). It arises out of attempts by Periodical Publishers' Service Bureau, Inc., doing business as National Collection Agency, to collect a debt allegedly owed by Phillips. The trial court granted summary judgment to Service Bureau, holding it is not a debt collector subject to the FDCPA. Phillips challenges this holding on appeal. We reverse and remand.

National Collection Agency is a division within Service Bureau, a wholly-owned subsidiary of The Hearst Corporation. Phillips allegedly owes Hearst $8.05 for a magazine subscription.

Service Bureau attempted to collect the alleged debt by mailing three collection letters to Phillips. Each letter contains a heading that reads, "NATIONAL COLLECTION AGENCY Division of PERIODICAL PUBLISHERS' SERVICE BUREAU, INC. Subsidiary The Hearst Corporation."

The return address on the envelopes used by Service Bureau to send its collection letters, however, makes no mention of either Service Bureau or Hearst. It simply lists National Collection Agency as the return addressee.

A declared purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C.S.

§ 1692 (1982). Section 1692a(6) of the FDCPA defines the term "debt collector" in pertinent part as follows:

[T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. . . . The term does not include—

(B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;

Thus, the definition of "debt collector" includes any creditor who, in the process of collecting his own debts, uses any name other than his own that would indicate that a third person is collecting or attempting to collect the debts. *Kempf v. Famous Barr Co.*, 676 F.Supp. 937 (E.D. Mo. 1988). The definition does not include, however, any person acting as a debt collector for another person to whom it is related by common ownership or with whom it is affiliated by corporate control so long as the person collects debts only for those to whom it is related or with whom it is affiliated and the person's principal business is not the collection of debts. *Cf. Kimber v. Federal Financial Corporation,* 668 F.Supp. 1480 (M.D. Ala. 1987) (a corporation that collects debts for itself is a debt collector within the meaning of the FDCPA if it regularly collects debts and debt collection is its principal purpose).

Phillips does not dispute that Service Bureau is affiliated by corporate control with Hearst and that its principal business is not the collection of debts. Rather, he contends Service Bureau became subject to the FDCPA by using in the process of collecting a debt he allegedly owed Hearst a name not its own and indicating a third person was attempting to collect the alleged debt. Phillips points specifically to the name "National Collection Agency," the only name appearing as a return addressee on the envelopes used to send the collection letters.

Service Bureau says, however, the name appearing as return addressee on each envelope should be read with the

letter inside and, when this is done, there is no indication that a third person was attempting to collect the alleged debt. The heading on each letter plainly shows National Collection Agency to be a division within Service Bureau and Service Bureau to be a Hearst subsidiary. *See* FTC Proposed Staff Commentary, 51 Fed. Reg. 8019 at 8022 (March 7, 1986) ("A creditor ... for purposes of [the FDCPA] ... is not a debt collector if the creditor's correspondence is clearly labeled as being from the 'collection unit of the (creditor's name),' since the creditor is not using a 'name other than his own' in that instance.").

We agree with Phillips.

The pivotal question is whether Service Bureau in the process of collecting a debt owed its parent company "use[d] a name other than its own which would indicate that a third person [was] collecting or attempting to collect such debt [ ] ...." It clearly did so when it used the name "National Collection Bureau" on the envelopes containing the collection letters. *Cf.* 15 U.S.C.S. § 1692f(8) (1982) (an unfair practice includes the use of "any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails ..., except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.").

After all, for what purpose did Service Bureau use the name of "National Collection Agency" on the outside of the envelopes if not to induce Phillips to think that a national debt collector now pursued him?

Indeed, had Service Bureau not intended to indicate to Phillips that he was receiving a letter from a debt collector it could easily have printed on the outside of the envelope its own name, the name of its parent company, or simply its mailing address without any name at all.

We therefore hold that the use by Service Bureau on a mail envelope of the name "National Collection Agency" in the process of collecting a debt allegedly owed its parent company "indicate[d] ... a third person [was] collecting or attempting to collect such debt [ ]" and that Service Bureau's use of the name under these circumstances brought it within the FDCPA's definition of the term "debt collector" and made Service Bureau subject to the FDCPA.

The trial court, therefore, improperly granted Service Bureau summary judgment.

We do not reach the issues of statutory damages and attorney fees. These are matters for the trial court to determine in the event Service Burau is found to have violated the FDCPA, an issue we also do not reach.

Reversed and remanded.

GARDNER and CURETON, JJ., concur.