23113

David PHILLIPS, Respondent v. PERIODICAL PUBLISHERS' SERVICE
BUREAU, INC., d/b/a National Collection Agency, Petitioner.

(388 S. E. (2d) 787)

Supreme Court

*Paul R. Hibbard* and *Donna Faye Shetley*, of *Johnson,
Smith, Hibbard & Wildman*, Spartanburg, *for petitioner.*

*Judson K. Chapin, III*, of *Perrin, Perrin, Mann & Patter-
son*, Spartanburg, *for respondent.*

Heard May 16, 1989.

Decided Dec. 4, 1989.

FINNEY, Justice:

Respondent David Phillips sued Petitioner Periodical
Publishers' Service Bureau, Inc. (Service Bureau), alleging
that Service Bureau employed improper debt collection prac-
tices in violation of the Fair Debt Collection Practices Act
(FDCPA), 15 U.S.C.S. §§ 1692 to 1692o (1982). The trial court
granted summary judgment in favor of Service Bureau. The
Court of Appeals reversed, holding that Service Bureau is a
debt collector subject to the FDCPA. This Court granted
certiorari to review the Court of Appeals' decision in this

case. *See Phillips v. Periodical Publishers' Service Bureau, Inc., d/b/a National Collection Agency,* 295 S. C. 500, 369 S. E. (2d) 154 (Ct. App. 1988). We now reverse.

This action arose out of attempts by Service Bureau, doing business as National Collection Agency (NCA), to collect a debt owed by Phillips for a magazine subscription sold and delivered to Phillips by the Hearst Corporation (Hearst). Hearst is the parent corporation of Service Bureau, and NCA is an unincorporated division of Service Bureau.

In attempting to collect the debt, Service Bureau mailed three collection letters to Phillips. Each letter contained the following heading: "NATIONAL COLLECTION AGENCY Division of PERIODICAL PUBLISHERS' SERVICE BUREAU, INC., Subsidiary The Hearst Corporation." The correspondence to Phillips expressly identifies Hearst as Phillips' creditor.

The question presented for review is whether the Court of Appeals erred by holding that Service Bureau is a debt collector as defined in the FDCPA.

Section 1692a(6) of the FDCPA defines "debt collector," in relevant part, as follows:

> § 1692a. Definitions.
> (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.... [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.
> *The term does not include*
>
> \*   \*   \*   \*   \*   \*
>
> (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such

person is not the collection of debts; ... (emphasis added).

Specific types of transactions and categories of persons acting as debt collectors are expressly excluded from the definition of "debt collector" under section 1692a(6). One such exclusion is subpart (B) under which a person acting as a debt collector for another, both of whom are affiliated by corporate control, is excluded if two conditions are met: (1) the person collects debts only for persons to whom it is related or affiliated with; and (2) the principal business of such person is not the collection of debts.

It is undisputed that NCA is an unincorporated division of Service Bureau, and that Service Bureau is a subsidiary of the Hearst Corporation. In its capacity as a debt collector, Service Bureau collects debts only for its corporate affiliate, the Hearst Corporation. In addition, Phillips concedes that Service Bureau's principal business is not the collection of debts. In *Meads v. Citicorp Services, Inc.*, 686 F. Supp. 330 (S. D. Ga. 1988), the collector was similarly situated as Service Bureau. The Georgia Federal District Court specifically addressed the subpart (B) exclusion for corporate affiliated collectors and concluded that the collector was not a debt collector subject to the FDCPA. While the decision in *Meads* is not binding on this Court, we find the reasoning logical and its conclusion persuasive.

We conclude that Service Bureau's activities and corporate affiliation fall within the exclusionary language of subpart (B) and that it is not subject to the FDCPA.

Accordingly, the Court of Appeals' decision is reversed and the order of the trial court reinstated.

Reversed.

GREGORY, C. J., and HARWELL, CHANDLER and TOAL, JJ., concur.