### 1565

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Appellant v. Helen H. TURNER, Respondent.

(399 S.E. (2d) 22)

Court of Appeals

*J.W. Cabaniss* of *Grimball & Cabaniss*, Charleston, *for appellant.*

*Thomas M. White* of *Steinberg, Levkoff, Spitz, Goldberg, Pearlman, Holmes & White,* Goose Creek, *for respondent.*

Heard Sept. 18, 1990.

Decided Oct. 29, 1990.

SHAW, Judge:

Appellant State Farm Mutual Automobile Insurance Company brought this action against respondent Helen H. Turner seeking a declaratory judgment to sustain the validity of a release signed by respondent Turner. A jury found the release invalid. We affirm.

The sole issue is whether the trial judge erred in refusing to grant a directed verdict to State Farm. We hold he was correct in submitting the issue to a jury.

On August 25, 1987 Mrs. Turner was involved in an automobile accident with Sheila A. Lucas who was operating an automobile owned by Donnie M. Lucas. Both Mrs. Turner and the Lucases are insured by State Farm. Following the accident, Mrs. Turner went to her State Farm agent, Bill Blanton, and his office directed her to the State Farm claims office. She met with Debra Pendergrass August 26, 1987, the day following the accident. At the meeting Mrs. Turner assumed Ms. Pendergrass was acting as her adjuster and not that of Lucas, and, in fact, Ms. Pendergrass was not initially aware that Mrs. Turner was insured by State Farm. Only the Lucas file was present. After some discussion, Ms. Pendergrass presented to Mrs. Turner an agreement and release providing $500 for "pain and suffering and inconvenience" and for payment of medical expenses up to $5000. Mrs. Turner told Ms. Pendergrass she had injured her foot, neck and back

and had an appointment with a doctor that afternoon. Mrs. Turner signed the release. Mrs. Turner did not cash the $500 draft and returned it to State Farm after consulting with her attorney.

At the hearing Mrs. Turner testified she thought the agreement was for inconvenience and payment of medical bills. When asked if she considered the agreement to be a complete release of the Lucases she replied: "No, I did not consider this a release at all." She testified she attempted to read the agreeement but couldn't read it because she didn't have her glasses.

On cross-examination Ms. Pendergrass was asked when she revealed to Mrs. Turner her dual capacity. At first, she testified she didn't remember when she pulled the Turner policy. The attorney then referred to a deposition taken from Ms. Pendergrass.

> Q: Did you at any time pull out her policy of insurance to review what coverage she had as a first party claimant?
> A: At the end of our conference, yes. I did not pull up her policy—I did not pull up her file because I did not have it present, but I pulled it up on the computer.
> Q: Was this before or after you had taken the statement from her?
> A: Afterwards.
> Q: So your testimony back on November 2nd was that you never even pulled her policy up or advised her what she was entitled to under her policy until after she had signed the release; correct?
> A: That's correct.

The trial judge denied State Farm's motion for a directed verdict and stated there was a question of fact as to whether the transaction was arms-length and that State Farm had a fiduciary relationship with Mrs. Turner with a resulting duty to disclose the relationship with the Lucases.

South Carolina law allows for a contract to be rescinded for a unilateral mistake when that mistake has been induced by fraud, deceit, misrepresentation, concealment, or imposition of the party opposed to recission, without negligence on the part of the party claiming rescis-

sion, or when the mistake is accompanied by very strong and extraordinary circumstances which would make it a great wrong to enforce the agreement. *Scott v. Mid Carolina Homes, Inc.*, 293 S.C. 191, 359 S.E. (2d) 291 (1987). *King v. Oxford*, 282 S.C. 307, 318 S.E. (2d) 125 (1984). A rescission of a contract is allowed when there is evidence of misrepresentation or concealment. *Jumper v. Queen Nab Lumber Company*, 115 S.C. 452, 106 S.E. 473 (1921).

Also, it is well settled that one who seeks to avoid the effects of a release must first return or tender consideration paid therefor. *Dunaway v. United Insurance Company of America*, 239 S.C. 407, 123 S.E. (2d) 353 (1962).

We hold the fact that Mrs. Turner returned the check coupled with the conduct of the agent properly presented a question of fact for the jury to decide.

Affirmed.

BELL and CURETON, JJ., concur.