**Walter GUYTON, Plaintiff,**

v.

**J.M. MANUFACTURING, INC.; Rockwell International, Inc.; and Smith–Blair, Inc., Defendants.**

**Civ. A. No. 4:95–1248–22.**

United States District Court, D. South Carolina, Florence Division.

July 27, 1995.

preventing NCPLS's investigation of this matter

Julian Z. Hanna, Pawleys Island, SC, Walter Guyton.

Edward W. Mullins, Jr., William C. Wood, Jr., Nelson, Mullins, Riley & Scarborough, L.L.P., Columbia, SC, for Rockwell Int'l, Inc. and Smith–Blair, Inc.

Susan Rosen, Rosen, Rosen & Hagood, Charleston, SC, for J.M. Mfg., Inc.

## ORDER

CURRIE, District Judge.

In this product liability action, Defendants moved for dismissal on statute of limitations grounds. In response to the motion, Plaintiff argued that S.C.Code Ann. § 15–3–30 operated to toll the statute of limitations. Section 15–3–30 provides:

> If when a cause of action shall accrue against any person he shall be out of the State, such action may be commenced within the terms in this chapter respectively limited after the return of such person into this State. And if, after such cause of action shall have accrued, such person shall depart from and reside out of this State or remain continuously absent therefrom for the space of one year or more, the

for representation.

time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action.

After a hearing, the court denied the motion. A period of limited discovery on the issue was ordered, and Defendants reserved their rights to raise the statute of limitations again after discovery if appropriate.[1]

Subsequently, Defendants filed a reply memorandum and motion for reconsideration arguing that S.C.Code Ann. § 15–3–30 is unconstitutional as an impermissible burden on interstate commerce under the holding of *Bendix Autolite Corp. v. Midwesco Enterprises, Inc.*, 486 U.S. 888, 108 S.Ct. 2218, 100 L.Ed.2d 896 (1988). For the reasons set forth below, the court finds that S.C.Code Ann. § 15–3–30 is unconstitutional and therefore grants Defendants' motion for reconsideration and Defendants' motion to dismiss.

## I. Factual Background

On March 25, 1992, Plaintiff, a citizen of South Carolina, was working for R.H. Moore Co. in Horry County, South Carolina. He was "making a tap on an 8–inch water line" when "the line exploded and hit Plaintiff in the chest." Complaint, at ¶ 2. As a result of the accident, Plaintiff was seriously injured. Complaint, at ¶ 3. Plaintiff asserts that his injuries were caused by the negligence of Defendants. Complaint, at ¶¶ 4, 5.

Defendant J.M. Manufacturing, Inc. is a Delaware corporation with its principal place of business in New Jersey. Defendant Rockwell International, Inc. is a Delaware corporation with its principal place of business in Pennsylvania. Defendant Smith–Blair, Inc. is a Delaware corporation with its principal place of business in Arkansas.

On March 27, 1995[2], Plaintiff filed his Complaint with the Clerk of the Court of Common Pleas, Horry County, South Carolina. An Affidavit of Mailing states that the Summons and Complaint were mailed from the offices of counsel for Plaintiff to Defendant J.M. Manufacturing, Inc. on March 27, 1995. Another Affidavit of Mailing states that the Summons and Complaint were mailed from the offices of counsel for Plaintiff to Defendant J.M. Manufacturing, Inc. on March 27, 1995. Another Affidavit of Mailing states that the Summons and Complaint were mailed from the offices of counsel for Plaintiff to Defendant Rockwell International, Inc. on March 27, 1995. There is no Affidavit of Mailing regarding Smith–Blair, Inc.

On March 30, 1995, a registered envelope containing the Summons and Complaint was delivered to a J.M. Manufacturing, Inc. post office box in Philadelphia, Pennsylvania. On March 31, 1995, a registered envelope addressed to Rockwell International, Inc. containing the Summons and Complaint was delivered to a Smith–Blair, Inc. post office box in Texarkana, Arkansas.[3] On April 26, 1995, Defendants removed the action based upon diversity jurisdiction.

## II. Discussion

The issue is whether S.C.Code Ann. § 15–3–30, which tolls the running of the statute of limitations in actions against an out-of-state defendant without a registered agent in South Carolina, violates the Commerce Clause of the United States Constitution. This is a threshold issue because unless § 15–3–30 applies, Plaintiff's causes of action are barred by South Carolina's three-year statute of limitations found in S.C.Code Ann. § 15–3–530(5).[4]

---

1. Plaintiff's memorandum relying upon § 15–3–30 was filed late and Defendants had not had the opportunity to reply prior to the hearing.

2. March 25, 1995, was a Saturday.

3. Defendants assert that they were not properly served. The court, however, need not reach this issue because even if Defendants were properly served, this action is barred by the statute of limitations.

4. All parties agree that the applicable statute of limitations is three years. Because a federal

court in a diversity action based on state negligence law must apply state law to determine when an action is commenced for purposes of the statute of limitations, *Wolfberg v. Greenwood Development Corp.*, 868 F.Supp. 132 (D.S.C. 1994), the present action was commenced, if at all, more than three years after Plaintiff's accident. *See* S.C.R.C.P. 4(d)(8) ("Service [by certified mail] is effective upon the date of delivery as shown on the return receipt."); *Dandy v. American Laundry Machinery Inc.*, 301 S.C. 24, 27, 389 S.E.2d 866, 868 (1990) (holding that if service

Defendants argue that *Bendix Autolite Corp. v. Midwesco Enterprises, Inc.,* 486 U.S. 888, 108 S.Ct. 2218, 100 L.Ed.2d 896 (1988), mandates a finding that S.C.Code Ann. § 15–3–30 is an impermissible burden on interstate commerce in violation of the Commerce Clause. The court agrees.

In *Bendix,* the Court found that the following Ohio tolling statute violated the Commerce Clause:

> When a cause of action accrues against a person, if he is out of the state, has absconded, or conceals himself, the period of limitation for the commencement of the action ... does not begin to run until he comes into the state or while he is so absconded or concealed. After the cause of action accrues if he departs from the state, absconds, or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought.

*Id.,* at 890 n.1, 108 S.Ct. at 2220 n.1.

In striking down the Ohio tolling statute, the *Bendix* Court found that the burden imposed on interstate commerce by the tolling statute exceeded any local interest advanced. *Id.,* at 891, 108 S.Ct. at 2220–21. The Court first noted that in order to gain the protection of the limitations period a foreign corporation would have to appoint a resident agent for service of process in Ohio and subject itself to the Ohio courts' general jurisdiction, which would extend to all suits against the foreign corporation even if the transaction in question had no connection with Ohio. In this way, the statute forced foreign corporations to choose between exposure to the general jurisdiction of Ohio courts or forfeiture of the limitations defense, remaining subject to suit in Ohio in perpetuity. *Id.,* at 892, 108 S.Ct. at 2221. The Court determined that "[r]equiring a foreign corporation to appoint an agent for service in all cases and to defend itself with reference to

all transactions, including those in which it did not have the minimum contacts necessary for supporting personal jurisdiction, is a significant burden." *Id.,* at 893, 108 S.Ct. at 2221 (citing *Asahi Metal Industry Co. v. Superior Court,* 480 U.S. 102, 114, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987)).

The Court noted that although statute of limitations defenses are not a fundamental right, they are an integral part of the legal system and relied upon to protect the liabilities of persons and corporations active in the commercial sphere. *Id.,* at 893, 108 S.Ct. at 2221–22. Therefore, such defenses can not be withdrawn from out-of-state corporations on conditions repugnant to the Commerce Clause.

The Court then noted that the ability to execute service of process on foreign corporations is an important factor to consider in assessing the local interest in subjecting out-of-state entities to requirements more onerous than those imposed on domestic parties. *Id.* The Court found that Ohio could not justify its tolling statute as a means of protecting its residents from corporations who become liable for acts done within Ohio but later withdraw from the jurisdiction because the Ohio long-arm statute would have permitted service on the foreign corporation throughout the period of limitations. *Id.,* 389 S.E.2d at 894. Accordingly, the Court struck the tolling statute as an impermissible burden on interstate commerce in violation of the Commerce Clause.

In the same way, S.C.Code Ann. § 15–3–30 places an impermissible burden on interstate commerce in violation of the Commerce Clause.[5] In order to receive the benefit of the South Carolina statute of limitations, a foreign corporation must enter the state by a registered agent. *See Dandy,* 301 S.C. at 27, 389 S.E.2d at 868 (noting that the purpose of § 15–3–30 is to remedy the problem of locating a nonresident defendant before the expiration of the statute of limitations and that

---

done by certified mail, action commenced upon *receipt* of summons and complaint).

**5.** The court notes that the Supreme Court of South Carolina has determined that S.C.Code Ann. § 15–3–30 does not violate the Equal Protection Clause of the Fourteenth Amendment. *Harris v. Dunlap,* 285 S.C. 226, 228–29, 328

S.E.2d 908, 909 (1985). This determination, however, is not dispositive of the Commerce Clause analysis. The *Bendix* Court specifically noted that "state interests that are legitimate for equal protection or due process purposes may be insufficient to withstand Commerce Clause scrutiny." *Bendix,* 486 U.S. at 894, 108 S.Ct. at 2222.

this problem does not exist when a foreign corporation has a registered agent within South Carolina). Just as the Ohio tolling statute could not be justified as protecting local residents, § 15–3–30 can not be justified as a means of protecting South Carolina residents from corporations who become liable for acts done in South Carolina but later withdraw from the jurisdiction because the South Carolina long-arm statute would have permitted service on Defendants throughout the period of limitations. *See* S.C.Code Ann. § 36–2–806 (providing for service on a foreign corporation by certified mail).[6] Accordingly, the court finds that S.C.Code Ann. § 15–3–30 is an impermissible burden on interstate commerce in violation of the Commerce Clause.

### III. Conclusion

For the foregoing reasons, the court grants Defendants' motion for reconsideration and strikes S.C.Code Ann. § 15–3–30 as an impermissible burden on interstate commerce in violation of the Commerce Clause. Accordingly, this action is dismissed because

---

6. *See also Catawba Indian Tribe v. South Carolina*, 978 F.2d 1334, 1348–49 (4th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1415, 122 L.Ed.2d 785 (1993) (holding that because purpose of tolling statute is to remedy problem of locating a nonresident defendant before expiration of statute of limitations, tolling statute does not apply to adverse possession action because of statutory scheme allowing for service by publication on parties outside state in such actions); *Witt v. American Trucking Ass'n*, 860 F.Supp. 295, 303 (1994) (holding that because purpose of tolling statute is to remedy problem of locating a nonresident defendant before expiration of statute of limitations, tolling statute does not apply in action in which plaintiff had worked for defendant for over thirty years, had been to defendant's headquarters, and had recently completed years of litigation with defendant.

7. Plaintiff also makes several other arguments to prevent application of the statute of limitations. First, Plaintiff contends that because his injury was covered by worker's compensation law, which gives an employer's carrier a lien against any settlement or judgment against a manufacturer, he could not begin his action against Defendants until he first settled his worker's compensation claim. Plaintiff contends that the statute of limitations should not have begun to run until November 23, 1994, the date on which his worker's compensation claim was settled. Plaintiff cites no South Carolina law for this proposi-

Plaintiff failed to commence this action within the limitations period.[7]

IT IS SO ORDERED.

tion and the court finds that this argument is meritless. Second, Plaintiff claims that because he was disabled, according to his Worker's Compensation Commission Form # 19, from March 26, 1992, through April 12, 1992, the statute of limitations should have been extended by the amount of time he was disabled. Plaintiff again cites no South Carolina law in support of this argument. Section 15–3–40 of the South Carolina Code provides for only three types of disabilities that can extend the statute of limitations: minority, insanity and imprisonment. A physical disability suffered by a plaintiff does not toll the statute of limitations. *Wiggins v. Edwards*, —— S.C. ——, 442 S.E.2d 169, 171 (1994). Finally, Plaintiff contends that he was informed by his employer that Defendant J.M. Manufacturing was testing the pipe and that he was waiting for this testing to be completed before filing his lawsuit. Apparently, Plaintiff is attempting to claim that J.M. Manufacturing should be equitably estopped from asserting a limitations defense. A defendant may be estopped from asserting a limitations defense if it makes an express representation that the claim will be settled without litigation or engages in conduct that suggests a lawsuit is not necessary. *Id.* There is nothing in the record that suggests that J.M. Manufacturing induced Plaintiff to file this action outside the statute of limitations.