517 S.E.2d 433

**Eileen C. BLYTH, Appellant,**

v.

**Frank Lamar MARCUS, Respondent.**

No. 24954.

Supreme Court of South Carolina.

Heard April 8, 1999.

Decided June 14, 1999.

---

364

James T. McLaren, C. Dixon Lee, III, both of McLaren & Lee, of Columbia, for appellant.

Robert A. McKenzie and Robert M. Cook, II, both of McDonald, McKenzie, Rubin, Miller & Lybrand, L.L.P., of Columbia, for respondent.

MOORE, Justice:

The trial court granted respondent summary judgment on the grounds that the action was barred by the statute of limitations and the tolling statute was unconstitutional. We reverse and remand.

## FACTS

In Columbia, on August 20, 1984, a car driven by respondent, Frank Marcus (Marcus), crossed the center lane and

struck appellant, Eileen Blyth (Blyth), who was riding a bicycle. At the time of the accident both parties lived in South Carolina. Marcus moved to Georgia sometime in April 1985 and since then has remained a resident of Georgia.

Blyth commenced this action by filing a summons and complaint on August 15, 1991, over seven years after the accident.[1] Marcus filed a motion to dismiss alleging that the statute of limitations had run and the tolling statute was repealed by the enactment of the Rules of Civil Procedure which became effective July 1, 1985. The trial judge treated the motion as one for summary judgment and granted Marcus's motion. Blyth appealed. The Court of Appeals reversed the grant of summary judgment. *Blyth v. Marcus*, 322 S.C. 150, 470 S.E.2d 389 (Ct.App.1996).

On remand, Marcus filed a second summary judgment motion on the ground that the statute of limitations had run and the tolling statute was unconstitutional. The trial judge granted the motion and held the tolling statute was unconstitutional and Blyth's action was time barred.

## ISSUES

1) Did the circuit court err in allowing Marcus to make a second summary judgment motion on the basis of the statute of limitations?

2) Is S.C.Code Ann. § 15–3–30 (1976) unconstitutional?

## DISCUSSION

1) Second Summary Judgment Motion

■ Blyth contends the circuit court erred in allowing Marcus to bring a second summary judgment motion on the issue whether the statute of limitations barred Blyth's cause of action. We disagree.

■ A defendant can bring a subsequent summary judgment motion after his first motion had been denied. *Brown v. Pearson*, 326 S.C. 409, 483 S.E.2d 477 (Ct.App.1997); *PPG Indus. v. Orangeburg Paint & Decorating Center*, 297 S.C.

---

1. It is undisputed that the statute of limitations for this cause of action is six years.

176, 375 S.E.2d 331 (Ct.App.1988). The rationale behind these cases is that the denial of a motion for summary judgment is an interlocutory decision which the trial judge can reconsider until the end of the trial. Here, the first motion for summary judgment was granted and Blyth appealed. On appeal, the Court of Appeals reversed the grant of summary judgment. In effect, the reversal of the first grant of summary judgment was equivalent to the denial of summary judgment. Issues raised in the first motion then may be raised again later in the proceedings by a motion to reconsider the denial of summary judgment or by a motion for a directed verdict. *Brown, supra.* Accordingly, we hold appellant was not barred from challenging the validity of the. tolling statute by way of a subsequent summary judgment motion.

2) Constitutionality of § 15–3–30

▇▇▇ Blyth contends the circuit court erred when it declared § 15–3–30 violated the Commerce Clause. We agree.

Section 15–3–30 provides:

If when a cause of action shall accrue against any person he shall be out of the State, such action may be commenced within the terms in this chapter respectively limited after the return of such person into this State. And if, after such cause of action shall have accrued, such person shall depart from and reside out of this State or remain continuously absent therefrom for the space of one year or more, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action.

In *Bendix Autolite Corp. v. Midwesco Enterprises, Inc.*, 486 U.S. 888, 108 S.Ct. 2218, 100 L.Ed.2d 896 (1988), the United States Supreme Court held a similar Ohio tolling statute violated the Commerce Clause.[2] The Ohio statute, in effect,

---

2. The Ohio statute read: "When a cause of action accrues against a person, if he is out of state, has absconded, or conceals himself, the period of limitation for the commencement of the action as provided ... does not begin to run until he comes into the state or while he is so absconded or concealed. After the cause of action accrues if he departs from the state, absconds, or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought."

gave Ohio tort plaintiffs unlimited time to sue out-of-state defendants. The defendant in *Bendix* was a corporation and, in weighing the burden which the statute placed upon interstate commerce, the Court focused on the defendant's status as a corporation. The Court reasoned that a foreign corporation would have to choose between exposure to the general jurisdiction of the Ohio courts or forfeiture of any limitations defense under the tolling statute. The Court held this was an impermissible burden on interstate commerce thereby violating the Commerce Clause.

 The circuit court found *Guyton v. J.M. Mfg., Inc.,* 894 F.Supp. 252 (D.S.C.1995), persuasive. In *Guyton,* the court held the holding in *Bendix* mandated a finding that § 15–3–30 violates the Commerce Clause.[3] However, three years after *Guyton* was decided, in *Meyer v. Paschal,* 330 S.C. 175, 498 S.E.2d 635 (1998), we held that § 15–3–30 does not toll the statute of limitations when the nonresident defendant is amenable to personal service and the defendant can be brought within the personal jurisdiction of our courts. We held the period of limitations may be tolled only when the name and location of the defendant are not known to the plaintiff.[4] Since we have limited the application of § 15–3–30 in *Meyer,* the statute is now substantially different than the Ohio statute struck down in *Bendix. See Alday v. Tecphy Div. Firminy,* 10 F.Supp.2d 562 (D.S.C.1998) (with *Meyer* "interpretation of section 15–3–30, the constitutional concerns raised in *Bendix* and *Guyton* are not present.").[5] Lastly, we

---

3. Of course, this decision is not binding on this Court. *See Phillips v. Periodical Publishers' Serv. Bureau, Inc.,* 300 S.C. 444, 388 S.E.2d 787 (1989).

4. More recently, we have held that the tolling statute applies only when the plaintiff could not discover the whereabouts of the defendant. *Tiralango v. Balfry,* 335 S.C. 359, 517 S.E.2d 430 (1999).

5. Furthermore, several other jurisdictions which have interpreted *Bendix* have held that the *Bendix* decision is limited to the facts in that case and whether interstate commerce is effected must be analyzed on a case-by-case basis. *See, e.g. Pratali v. Gates,* 5 Cal.Rptr.2d 733, 4 Cal.App.4th 632 (1992) (tolling statute does not violate commerce clause when applied to noncommercial defendant not engaged in interstate commerce).

note "[c]onstitutional constructions of statutes are not only judicially preferred, they are mandated; a possible constitutional construction must prevail over an unconstitutional interpretation." *Henderson v. Evans,* 268 S.C. 127, 132, 232 S.E.2d 331 (1977). Accordingly, we hold § 15–3–30 does not violate the Commerce Clause in light of our decision in *Meyer.* Thus, the trial judge's ruling that the statute is unconstitutional is reversed.[6]

■ Marcus also now argues *Meyer* precludes Blyth from utilizing the tolling statute because Marcus was amenable to service and his whereabouts were not concealed from her. Pursuant to *Meyer* and our more recent decision in *Tiralango, supra,* the issue is whether Blyth knew, or could have known, of Marcus's whereabouts. Accordingly, we remand for the trial judge to apply the *Meyer* and *Tiralango* decisions to the facts of this case in determining whether the statute of limitations should be tolled.

**REVERSED AND REMANDED.**

FINNEY, C.J., TOAL, WALLER, and BURNETT, JJ., concur.

---

6. Blyth also contends the circuit court erred in not requiring Marcus to notify the Attorney General about his constitutional challenge to § 15–3–30 pursuant to S.C.Code Ann. § 15–53–80 or Rule 4, SCRCP. Section 15–53–80 applies only when the action is a declaratory judgment and Rule 4 applies only when the action is one seeking a determination about the constitutionality of a statute. We note, however, Rule 24(c), SCRCP, provides in part, that "[w]hen the constitutionality of a statute is drawn in question in *any* action in which the State or an officer, agency or employee thereof is not a party, the party shall also serve the motion on the Attorney General." (emphasis added). Although there are no South Carolina cases on this issue, we agree with some federal courts which have stated that when no portion of a statute has been struck down, there seems to be no practical purpose in remanding to allow intervention. *Johnson v. Hamrick,* 1998 WL 476186 (N.D.Ga. June 10, 1998); *Thatcher v. Tennessee Gas Transmission, Co.,* 180 F.2d 644 (5th Cir.1950).