THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
B. Wells O'Brien and Carol G.
 O'Brien, individually and as Trustees of the O'Brien Family Trust, Respondents,
v.
Kalen J. Bowman, Blue Ridge
 Custom Builders, Inc., and CWK, LLC, Defendants,
of whom Kalen J. Bowman is Appellant.
 
 
 

Appeal From Greenville County
 Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2011-UP-515
Heard October 4, 2011  Filed November 29, 2011   

AFFIRMED

 
 
 
J. Falkner
 Wilkes, of Greenville, for Appellant.
T.S. Stern,
 Jr., and V. Elizabeth Wright, both of Greenville, for Respondents.
 
 
 

PER
 CURIAM: Wells and Carol O'Brien entered
 into a stock purchase agreement with Kalen Bowman to purchase half of his
 residential construction business, Blue Ridge Custom Builders, Inc.  Two
 years later, after reaching a management deadlock, the O'Briens sued Bowman
 seeking rescission of the stock purchase agreement.  After a non-jury trial,
 the circuit court ordered rescission on two alternative grounds: breach of
 contract and fraud in the inducement.[1] 
 Both are independent grounds upon which a contract, such as a stock purchase agreement,
 may be rescinded.  See Brazell v. Windsor, 384 S.C. 512, 516-17,
 682 S.E.2d 824, 826 (2009) ("A breach of contract claim warranting
 rescission of the contract must be so substantial and fundamental as to defeat
 the purpose of the contract.  Thus, a rescission will not be granted for a
 minor or casual breach of a contract, but only for those breaches which defeat
 the object of the contracting parties." (citation omitted)); State Farm
 Mut. Auto. Ins. Co. v. Turner, 303 S.C. 99, 101-02, 399 S.E.2d 22, 23 (Ct.
 App. 1990) ("South Carolina law allows for a contract to be rescinded for
 a unilateral mistake when that mistake has been induced by fraud,
 deceit, misrepresentation, concealment, or imposition of the party opposed to
 rescission, without negligence on the part of the party claiming rescission . .
 . ." (emphasis added)).  
Bowman appealed only the second
 ground, fraud in the inducement.  Because Bowman does not appeal the circuit
 court's conclusion that the stock purchase agreement should be rescinded based
 upon a breach of contract, it is the law of the case.  Jones v. Lott,
 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) ("Under the two issue rule,
 where a decision is based on more than one ground, the appellate court will
 affirm unless the appellant appeals all grounds because the unappealed ground
 will become the law of the case."); Anderson v. S.C. Dep't of Highways
 & Pub. Transp., 322 S.C. 417, 420 n.1, 472 S.E.2d 253, 255 n.1 (1996)
 ("[A]lthough cases generally have discussed the 'two issue' rule in the
 context of the appellate treatment of general jury verdicts, the rule is
 applicable under other circumstances on appeal, including affirmance of orders
 of trial courts.").  We acknowledge Bowman's argument that breach of
 contract was not a basis for rescission.  However, we find the order clearly
 granted rescission on two alternative grounds.  Accordingly, the order of the
 circuit court is
AFFIRMED.
FEW, C.J., THOMAS and KONDUROS,
 JJ., concur.

[1] The O'Briens did not plead rescission based on a breach of contract in their
 complaint.  However, neither Bowman nor the O'Briens filed a Rule 59(e), SCRCP,
 motion objecting to the court granting the requested relief by means of an
 alternate, unpled legal theory.