### BURROWS v. FRENCH.

1. LIMITATION OF ACTIONS—NON-RESIDENTS.—A promissory note was made in another State between parties there resident. Afterwards the maker removed to this State and the payee, still a non-resident, brought his action in the courts of this State against the maker more than ten years after the last credit on the note, but within six years after defendant's removal into this State. *Held*, that the action was not barred, as the saving of the statute as to persons who "return" to the State includes such persons as come into the State without a previous residence here.

Before IZLAR, J., Greenville, August, 1890.

Action by Lewis P. Burrows against A. H. French. The opinion states the case.

*Messrs. Perry & Heyward*, for appellant, *cited* Story Confl. L., §§ 576–8; Wood Lim., § 8; 5 Rich., 198–9; 2 Bail., 217; 4 Rich., 224; 13 Peters, 327; 2 Mass., 89; 18 S. C., 549; Code, §§ 112,'121; 1 Strob., 326; 3 Johns., 266; 10 *Id.*, 465; 18 N. Y., 570; Rice, 316; 2 McCord, 331; 9 Rich. Eq., 433; 2 *Id.*, 120.

*Messrs. Westmoreland & Haynsworth*, contra, *cited* 18 S. C., 549; Code, §§ 94, 112, 121; 54 Ga., 126; 3 Harr. (N. J.), 262; 11 Bush, 191; 13 Am. Dec., 368.

June 17, 1891. The opinion of the court was delivered by

Mr. Justice McIver.   In this case there is no controversy as to the facts, and the single question presented is whether the plaintiff's action, under the conceded facts, was barred by the statute of limitations.   The action was on a note, dated 20th of March, 1874, payable on demand, with interest annually, with a payment endorsed thereon, dated 14th of December, 1879.   At the time of the making of this note, both payee and maker were citizens of the State of New Hampshire, and the payee still resides there.   The maker, however, some time after the execution of the note, but when precisely is not stated, left that State and eventually settled in this State, where he has been residing for a period of less than six years before the commencement of this action.   This action was commenced on the 10th of June, 1890, and the plea of the statute having been interposed and sustained by the Circuit Judge, judgment was rendered in favor of defendant, and plaintiff appeals, alleging error in holding that the action was barred by the statute of limitations.

Inasmuch as it is apparent from this statement that, upon the face of the papers, the action would be barred by the statute of limitations, unless it falls within some one of the exceptions provided for in the statute, the only question is whether it does come within any one of these exceptions. The only one which it is suggested covers this case, is that found in section 121 of the Code of Procedure, which reads as follows: "If when the cause of action shall accrue against any person, he shall be out of the State, such action may be commenced within the terms herein respectively limited after the return of such person into this State ; and if, after such cause of action shall have accrued, such person shall depart from and reside out of this State, or remain continuously absent therefrom for the space of one year or more, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action."   Inasmuch as it is not pretended that the defendant, after the accrual of plaintiff's cause of action, departed from this State, it is very clear that the second clause of the section just quoted has no application, and it only remains to consider whether the first clause applies and what is its effect.

It being conceded that the defendant was out of the State when

the cause of action accrued, the inquiry is narrowed down to the question whether the plaintiff can avail himself of the privilege conferred by the latter part of the first clause, allowing the action to be brought within six years (that being the period limited by the Code within which an action like this may be brought), "after the return of such person into this State;" and that turns upon the construction proper to be given to the word "return" as used in the section. On the one hand, the appellant contends that this word, as there used, should be so construed as to embrace a person who never was a resident of this State before, but for the first time comes within its limits and takes up his residence here; while the respondent contends that it must be confined to persons who, having once resided here, have gone abroad for a time, and have come back to the State. It is very obvious that, if the construction contended for by appellant can be sustained, there was error in the ruling below, as it is conceded that the action was commenced within six years after the defendant came into this State. But, on the other hand, if the construction contended for by respondent be the correct one, then it is equally clear that there was no error in the ruling below, for it is not claimed that the defendant ever did *return* to this State, in the strict sense of that word.

While it is true, so far as we are informed, that there is no decision in this State construing this particular section of the Code, as no case involving the question has ever come before this court since the adoption of the Code, yet we are not without authority here upon the subject. In the case of *Alexander* v. *Burnet* (5 Rich., 189, decided in 1851), a similar question to that now presented, involving the construction of very similar language, was considered by the former Court of Appeals, and it was there held that the provision of the Statute of Anne, allowing a creditor to bring an action against his debtor, who was "beyond seas" (which it is well settled means beyond the limits of the State) at the time the cause of action accrued, at any time within a specified period after his return to the State, applies as well to foreigners residing abroad as to persons who, having once resided here, had gone abroad and then returned to this State. In that case Evans, J., in delivering the opinion of the court,

used this language: "It has been argued that the Statute of Anne has no application to the case, because Alexander, being a citizen of another State, cannot be said to have *returned* to the State, and therefore the statute must relate only to the case of citizens who are absent for a time and then return. This may be the literal import of the words, but where the words of a statute have received a uniform construction, it is always safe to adhere to it. In 6 Bac. Abr., 392 (Bouvier's edition), it is said "the exceptions in the Statutes of James and Anne as to persons beyond seas are not confined to Englishmen who may occasionally go beyond seas, but is general, and extends to foreigners who are constantly resident abroad' (3 Wil., 145). This is clearly the English law, and the same construction, I believe, has been uniformly put on the same or similar words in most or all the States." The same view was manifestly entertained by the court in *Lavasseur* v. *Ligniez* (1 Strob., 326), though the precise question here presented was not decided in that case.

In *Ruggles* v. *Keeler* (3 Johns., 263), the same construction was adopted, and Kent, C. J., in delivering the opinion of the court, used these words: "Whether the defendant be a resident of this State, and only absent for a time, or whether he resides altogether out of the State, is immaterial. He is equally within the proviso. If the cause of action arose out of the State, it is sufficient to save the statute from running in favor of the party to be charged, until it comes within our jurisdiction. This has been the uniform construction of the English statutes, which also speak of the *return* from beyond seas of the party so absent. The word *return* has never been construed to confine the proviso to Englishmen who went abroad occasionally." So also the same doctrine was declared in *Fowler* v. *Hunt* (10 Johns, 464), where it is said: "The word *return* applies as well to persons coming from abroad, where they had resided, as to citizens of this State going abroad for a temporary purpose, and then returning," and the case of *Ruggles* v. *Keeler*, *supra*, is cited with approval.

While it may be true that different views have prevailed in some of the States, yet we prefer to adopt the construction of our own Court of Appeals, endorsed by the great name of Kent, and

in conformity to the uniform construction given to the English statutes of similar import. This, too, seems to be in conformity to the evident intention of the legislature, for it is manifest that the purpose was to declare the limitations of time within which the doors of our courts should be open for the enforcement of the several causes of action mentioned in the statute, and as the doors of the court are practically not open for that purpose until the person to be charged comes within the jurisdiction, provision has been made that the time of such limitation shall not commence to run until the courts are practically open for the enforcement of a given cause of action against the particular person sought to be charged thereby ; and the statute even goes further and provides, by the second clause of section 121 of the Code, that "if, after such cause of action shall have accrued, such person shall depart from and reside out of this State, or remain continuously absent therefrom for the space of one year or more, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action." This shows that the legislature intended that a creditor should have the full period of six years in a case like this, *while his debtor was within reach of the process of the court*, to bring his action, except where his temporary absence was for a period less than one year. It seems to us, therefore, that the Circuit Judge erred in sustaining the plea of the statute of limitations.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and the case be remanded to that court for a new trial.