**MACRI v. FLAHERTY et al.**

**Civ. A. No. 3489.**

United States District Court
E. D. South Carolina,
Columbia Division.

Oct. 16, 1953.

H. H. Edens and Henry Hammer, Columbia, S. C., for plaintiff.

Nelson, Mullins & Grier, Columbia, S. C., for defendants.

WYCHE, Chief Judge.

This case is before me on motion of the plaintiff to strike from the answer of the defendants the defense of the statute of limitations set up as a bar to plaintiff's cause of action.

This action was instituted by the plaintiff against the defendants to recover damages for personal injuries alleged to have been received in an automobile collision which occurred on December 23, 1946, in the town of Summerton, South Carolina. Jurisdiction of this court is founded upon diversity of citizenship.

The complaint was filed with the Deputy Clerk of this Court in his office at Columbia, South Carolina, on December 19, 1952, and mailed by him to the Clerk of Court in Charleston, South Carolina, on December 22, 1952. There is some conflict as to when the complaint was delivered by the Clerk to the Marshal for service.

Gaines Smith, who was then Deputy Clerk of Court in Charleston, says that the docket entries were personally made by him in his own handwriting; that he never made any docket entries showing that any papers were filed or acts done unless such transactions had actually taken place; that while he had no independent recollection in this matter, he was sure that from an examination of the docket entries in this matter that he personally lodged five copies of the summons and complaint with the Marshal for service on December 23, 1952; that if for any reason the delivery of the summons and complaint could not have been made on December 23, 1952, he would not have made a docket entry showing that the papers were lodged with the Marshal for service on that date; it had always been his practice to make entries in the docket to reflect exactly what happened on the day that it had happened, and, accordingly, he had no doubt that the copies of the summons and complaint in the above matter were lodged with the Marshal for service on December 23, 1952.

Ernest L. Allen, Clerk of Court, says that the following are the docket entries in the above matter:

"Docket Entries
"In re: Civil Action No. 3489
Beatrice M. Macri v. J. Preston Flaherty, et al. etc. et al.
"1. Summons and Complaint with Demand for Jury Trial, filed December 19, 1952.
"2. Five (5) Copies to Marshal for Service, December 23, 1952.
"3. Four (4) Marshal's Returns, filed January 5, 1953.
"4. Answer, filed January 20, 1953.
"5. Notice of Motion to Strike 'Portions from Defendants' Answer, filed February 2, 1953.
"6. Interrogatories Propounded by Defendants to Plaintiff and Acknowledgment of Service, filed May 19, 1953."

It was his instructions to all personnel of the Clerk's office to promptly lodge copies of summons and complaints with the Marshal for service as soon as they were received in his office; that Gaines Smith, who was a Deputy Clerk on December 23, 1952, informed him that he did lodge the copies of the summons and complaint in the above matter with the Marshal for service on December 23, 1952, as appears on the docket.

Raymond A. Kessler, Chief Deputy United States Marshal for the Eastern District of South Carolina, says that he was on duty at the office in Charleston on December 23, 1952, and until noon on December 24, 1952, Christmas Eve, when the office closed for the holidays; that he had checked his records in regard to the above case and found from the written records in his office that the summons and complaint were received on the morning of December 24, 1952; that since so many papers are received in his office he, nor any of the clerks in his office, had any independent recollection of the particular papers in question, but that it was a universal practice of

the Marshal's office to, immediately upon receipt of a summons and complaint from the Clerk, note when it was received, and the written record in his office showed that the summons and complaint in this case had not been received until December 24, 1952; that his office receives mail from Columbia around noon on the following day after it is mailed in Columbia, but naturally during the holidays the mail is sometimes delayed and is not received until later.

The pertinent part of the record referred to by the Chief Deputy Marshal is as follows:

"Date Received    Nature of     Upon whom to be
12-24-52          Process          Served
                  Sum. & Comp.  Director of Mtr.
                                    Vehicles

Issued
Date       By Whom    Date Returnable
12-19      C.D.C.        20 days"

Upon consideration of this testimony and the record in the Clerk's office and the record in the Marshal's office, it is possible that the summons and complaint could have been delivered to the Marshal's office late in the afternoon of December 23, 1952, and a record of receipt written on the Marshal's docket on the morning of December 24, 1952.

Since the Statute of Limitations is an affirmative defense and the burden is upon the defendants to establish such defense by the greater weight of the evidence, rule 8(c), Rules of Civil Procedure, 28 U.S.C.A., and since forfeitures are not favored in considering matters of this kind, I conclude that Gaines Smith, the then Deputy Clerk of Court, delivered the summons and complaint to the Marshal's office for service on December 23, 1952.

Section 10–102, Code of Laws of South Carolina 1952, provides: "Civil actions can only be commenced within the periods prescribed in this Title after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute."

The applicable South Carolina Statute of Limitations is six years, Code 1952, § 10–143.

■ The Supreme Court of South Carolina has held that the statute of limitations begins to run when the cause of action accrues and whenever there is a plaintiff who can sue, and a defendant who can be sued. Livingston v. Sims, 197 S.C. 458, 15 S.E.2d 770; Suber v. Chandler, 18 S.C. 526; Bugg v. Summer, 1 McMul. 333; Lyles v. Roach, 30 S.C. 291, 9 S.E. 334.

These decisions, however, do not consider or construe Section 10–2, Code of Laws of South Carolina, 1952,[1] providing that the time within which an act shall be done shall be computed by excluding the first day and including the last.

The South Carolina Supreme Court said in Williamson v. Farrow, 1 Bailey 611, that: "the rule may be deduced, that whenever a forfeiture would be incurred by considering 'the day of the date,' or 'an act done,' as inclusive, then it shall be considered exclusive." In this case the sheriff was directed by an order made in proceedings to foreclose a mortgage of lands, to sell the mortgaged premises, on a credit of six months, and, if the purchase money were not paid when due, to re-sell, on account of the former purchaser. It was held that the purchaser was entitled to a credit of six calendar months, *exclusive of the day of sale*, that he was entitled to the whole of the last day of that period to pay the purchase money, and that a re-sale by the sheriff on any part of that day was unauthorized, and void, and passed no interest to the second purchaser.

In State ex rel. Stock v. Schnierle, 5 Rich. 299, the South Carolina Supreme Court held, that in the computation of time, the day from which the reckoning commences, and that on which it termi-

1. "§ 10–2. How time computed.
    "The time within which an act is to be done shall be computed by exclud-
ing the first day and including the last. If the last day be Sunday it shall be excluded."

nates, may both be included, or excluded, as will best preserve a right, or prevent a forfeiture.

In Corwin v. Comptroller General, 6 S.C. 390, the same Court decided that the three days, Sundays excepted, within which the Governor is to return a bill, are to be computed by excluding the day on which it was presented to him. See also, State v. Platt, 154 S.C. 1, 151 S.E. 206.

The Supreme Court of South Carolina quoted with approval in the case of Williamson v. Farrow, supra, the following from Dowling v. Foxall, 1 Ball & Beatty, 193, in which Lord Chancellor Manners said: "I apprehend that I am acting upon a principle well recognized by this Court, by rejecting that construction, in a doubtful case, which would divest a right, or work a forfeiture."

So, I am confronted with the decisions of the South Carolina Supreme Court leading to one conclusion, and decisions of the South Carolina Supreme Court and a statute passed by the Legislature of South Carolina, leading to another conclusion.

Because of this conflict, and since I can find no South Carolina Supreme Court decision, and none has been cited to me, construing or considering Section 10-2, Code of Laws of South Carolina 1952, in connection with the South Carolina Statute of Limitations, and no decision of the South Carolina Supreme Court overruling or modifying any of the above cited South Carolina Supreme Court decisions, and since forfeitures are not favored, I am constrained to follow the provisions of Section 10-2, and the rule laid down in Williamson v. Farrow, supra; State v. Schnierle, supra; Corwin v. Comptroller General, supra; State v. Platt, supra; by computing the time within which the action must be brought by "excluding the first day and including the last", and to conclude that the day of the accrual of the cause of action is excluded in computing the statutory period, especially in view of the statement found in 34 Am.Jur., page 206, which reads as follows: "according to the great weight of the modern authorities, the day of the accrual of the cause of action is excluded in computing the statutory period, regardless of whether the computation is from a day or date or from an act done or an event. It is generally held that the rule applies in actions ex delicto as well as in actions ex contractu. In a few jurisdictions this rule exists by virtue of express statutory enactment. * * * One of the grounds most frequently advanced is that the computation of time should be so made as to protect a right and prevent a forfeiture if this can be done without violating a clear intention or a positive statutory provision. As has been said, when the legislature requires a thing to be done within a certain time and deprives a party of a right for omitting to do it, the most liberal construction ought to be chosen and the furthest time given from which the reckoning is to be made. Still another theory of excluding the day is to treat it as an indivisible point of time only, and to regard any act done in the compass of it as no more referable to any one than to another portion of it. The act and day are considered coextensive, with the result that the act cannot properly be said to pass until the day is passed."

This construction is also in conformity with Rule 6(a) of the Federal Rules of Civil Procedure, which provides: "In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday. When the period of time prescribed or allowed is less than 7 days, intermediate Sundays and holidays shall be excluded in the computation. A half

holiday shall be considered as other days and not as a holiday."

The personal injuries in this case for which the plaintiff seeks damages were received on December 23, 1946, and for the reasons above stated, I must conclude that the plaintiff had, as the last day, December 23, 1952, within which to commence her action.

■ There can be no dispute that this action was properly commenced in the federal court when the complaint was filed with the Clerk of Court for service on December 19, 1952,[2] but in a tort action commenced in the federal court where jurisdiction is based on diversity of citizenship, the time of the commencement of the action, insofar as the statute of limitations is concerned, is controlled by local law and not by the Federal Rules of Civil Procedure. Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520.

Section 10–101, Code of Laws of South Carolina 1952, provides: "An action is commenced as to each defendant when the summons is served on him or on a codefendant who is a joint contractor or otherwise united in interest with him. An attempt to commence an action is deemed equivalent to the commencement thereof, within the meaning of this Title, when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other officer of the county in which the defendant or one of them usually or last resided or, if a corporation be defendant, to the sheriff or other officer of the county in which such corporation was established by law, where its general business was transacted or where it kept an office for the transaction of business."

■ The summons and complaint were not served until December 30, 1952, but, in my opinion, the delivery on December 23, 1952, of the summons and complaint and five copies thereof, to the Marshal with the intent that they be actually served upon the defendants and the subsequent service on the Chief Highway Commissioner on December 30, 1952, was a compliance with the State statute. The Marshal is vested by federal statute with all the powers which the sheriff has in the state in which his district lies. The delivery of the summons and complaint and five copies thereof to the Marshal for service upon the defendants was equivalent to a similar request upon the sheriff to perform a like service. Nola Electric Co. v. Reilly, D.C., 93 F.Supp. 164; 28 U.S.C.A. § 549 (formerly 504); Agnello v. United States, 2 Cir., 290 F. 671.

The plaintiff contends that the South Carolina Statute of Limitations does not run where the defendant is a non-resident of the State. Section 10–103, Code of Laws of South Carolina 1952, is as follows: "If when a cause of action shall accrue against any person he shall be out of the State, such action may be commenced within the terms herein respectively limited after the return of such person into this State. And if, after such cause of action shall have accrued, such person shall depart from and reside out of this State or remain continuously absent therefrom for the space of one year or more, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action."

■ The South Carolina Supreme Court has held that this section applies not only to a resident of this State who has gone abroad temporarily, and then returns, but it also applies to one who has never been a resident. Francis v. Mauldin, 215 S.C. 374, 55 S.E.2d 337; Burrows v. French, 34 S.C. 165, 13 S.E. 355. The reasoning by the Supreme Court of South Carolina in the Burrows case, supra, does not apply to the case here because the plaintiff, under a Statute of South Carolina, could have had the summons and complaint served upon

---

2. "A civil action is commenced by filing a complaint with the court." Rule 3, Federal Rules of Civil Procedure.

**744**

the Chief Highway Commissioner. However, it seems to me that I am bound by the conclusion in the decisions of the Supreme Court regardless of the reasons given for its conclusion, especially since the rule laid down in the Burrows case, supra, has since been reaffirmed in the Francis case, supra.

It seems to me, therefore, that the statute of limitations was tolled or suspended in the instant case because the defendants were nonresidents of and absent from the State of South Carolina. The Legislature did not provide for any exception in the tolling or suspension statute; neither does Section 10–431, Code of Laws of South Carolina 1952, allowing for substituted service on nonresident motorists contain any specific exception to the provisions of the tolling or suspension statute contained in Section 10–103, Code of Laws of South Carolina 1952. I do not believe that I should read into the statute such an exception. It is entirely a matter for the Legislature. Gotheiner v. Lenihan, 1942, 25 A. 2d 430, 20 N.J.Misc. 119; Couts v. Rose, 1950, 152 Ohio St. 458, 90 N.E.2d 139; Bode v. Flynn, 1936, 213 Wis. 509, 252 N.W. 284, 94 A.L.R. 480.

For the foregoing reasons, it is my opinion that the motion of the plaintiff to strike from the answer the defense of the statute of limitations should be granted, and it is so ordered.