### 22261

Juan CUTINO and Hilda Cutino, his wife, Plaintiffs, v. Grady RAMSEY, Jr., Defendant.

(328 S. E. (2d) 72)

Supreme Court

*Richard C. Bell* and *Diane M. LeHoullier,* of *Bell & McNeil,* Mount Pleasant, *for plaintiffs.*

*Andrew S. Halio,* Charleston, *for defendant.*

Submitted Feb. 20, 1985.

Decided March 20, 1985.

LITTLEJOHN, Chief Justice:

This case is pending in the United States District Court for the District of South Carolina. Pursuant to Rule 46 of the Supreme Court of South Carolina, the District Court has asked us to answer the following question:

> Under § 15-3-10 and/or § 15-3-30 of the Code of Laws of South Carolina, as amended, is the statute of limitations tolled against a non-resident defendant motor vehicle operator, or a resident operator who subsequently leaves the state and remains absent therefrom, by delivery of the summons, with intent that it should be served, to the sheriff in a county out of the State of South Carolina where the defendant usually or last resided when the defendant is nonetheless amenable to service of process on the Chief Highway Commissioner under § 15-9-350, *et seq.,* as amended?

Plaintiffs allege they sustained damages as a result of an automobile collision which occurred between their automobile and the defendant's automobile near Ridgeland, South Carolina, on April 21, 1977. They filed their complaint in the District Court on March 30, 1983, within the six-year statute of limitations. At the time of the collision, the defendant was a South Carolina resident but subsequently moved to West Virginia on October 8, 1977. Since that date, the defendant has

been a citizen and resident of Kanawha County, West Virginia.

After filing the summons and complaint, the plaintiffs attempted to serve the defendant by forwarding a copy to the Sheriff of Kanawha County, West Virginia, on April 5, 1983. The Sheriff was unable to locate the defendant and sent a return *non est inventus* dated April 13, 1983, to the plaintiffs' attorney. On October 11, 1983, the defendant moved to dismiss asserting insufficient service of process. On November 15, 1983, plaintiffs properly served the defendant via service on the Chief Highway Commissioner as statutory agent for the defendant under § 15-9-350, *et seq.* As a defense to the action, the defendant pleads the six-year statute of limitations as a bar. The plaintiffs argue that the statute of limitations has been tolled under the particular circumstances of this case by the provisions of § 15-3-10 and/or § 15-3-30. We agree.

Section 15-3-30 reads in pertinent part as follows:

> ... And if, after such cause of action shall have accrued, such person shall depart from and reside outside of this State or remain continuously absent therefrom for the space of one year or more, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action.

Neither this statute nor the provision allowing for substitute service on the Chief Highway Commissioner contain any exception for the statute of limitations while the defendant is absent from South Carolina for more than one year.

In *Macri v. Flaherty*, 115 F. Supp. 739 (D.C.S.C., 1953), the United States District Court for the District of South Carolina encountered an almost identical factual situation. Chief Judge Wyche stated there:

> It seems to me therefore, that the statute of limitations was tolled or suspended in the instant case because the defendants were nonresidents of and absent from the State of South Carolina. The Legislature did not provide for any exception in the tolling or suspension statute neither does [§ 15-9-370] allowing for substituted service on non-resident motorists contain any specific exception to the provisions of the tolling or suspension statute contained in [§ 15-3-30]. I do not believe that I should read

into the statute such an exception. It is entirely a matter for the Legislature.

115 F. Supp. at 744.

Under the express language of the statute and in the absence of any specified exceptions, we hold that the statute of limitations was tolled from the date the defendant left the State of South Carolina and absented himself for a period in excess of one year notwithstanding the fact that the defendant remained amenable to service under a substitute service statute.

NESS,. GREGORY, HARWELL and CHANDLER, JJ., concur.