498 S.E.2d 635

**Thelma MEYER, f/k/a Thelma Paschal, Applicant,**

v.

**John PASCHAL and Mary Ann Brinkley, Respondents.**

No. 24776.

Supreme Court of South Carolina.

Heard Feb. 6, 1997.
Decided March 23, 1998.
Rehearing Denied May 18, 1998.

Michael S. Chambers, Greenville, for appellant.

James K. Price, of McNair Law Firm, P.A., Greenville, for respondents.

BURNETT, Justice:

The trial court held S.C. Code Ann. § 15-3-30 (1976) did not apply to toll the statute of limitations for Thelma Meyer's (Meyer) fraudulent conveyance cause of action. Meyer appeals. We affirm.

## FACTS

Meyer and John Paschal (Paschal) were married for twenty-three years. Pursuant to a separation agreement, Paschal, by a deed dated November 25, 1981, and recorded January 27, 1982, purchased a house and lot in Greenville County, South Carolina (SC Property), for the use and benefit of Meyer. The SC Property was titled in Paschal's name.

Paschal transferred the SC Property to Mary Ann Brinkley (Brinkley) by deed dated August 16, 1985, and recorded on August 19, 1985, for a recited consideration of $62,000.00; however, no consideration was actually tendered. Paschal and

Brinkley are brother and sister. Meyer had notice of the transfer in 1986.[1]

Paschal paid the real estate property taxes and insurance on the SC Property until Meyer assumed the responsibility for payment in 1989. Brinkley has never paid the property taxes or insurance on the house. Further, Brinkley has never sought to collect rent from Meyer for her use of the property. Respondents claim the property was transferred to protect investments made by Paschal on behalf of Brinkley and to protect this property from a $180,000.00 judgment rendered against Paschal in New Jersey.

Meyer has lived in the house since 1982. Neither respondent has ever resided in the house, nor has either ever been a resident of South Carolina. Meyer knew the residence of and could easily locate either respondent subsequent to the transfer of the property to Brinkley and prior to commencement of this action.

Divorce proceedings between Meyer and Paschal were commenced in New Jersey in 1983. On October 4, 1991, an order was issued by the Superior Court in New Jersey (New Jersey Order) which directed Paschal to convey the SC Property to Meyer. The court further directed the parties to notify Brinkley of the order; however, Brinkley was never made a party to the divorce proceedings.

On May 4, 1994, Meyer commenced this action in South Carolina to domesticate the New Jersey Order as a South Carolina judgment. Meyer further sought to set aside the transfer of the SC Property from Paschal to Brinkley as a fraudulent conveyance under S.C.Code Ann. §§ 27–30–10 & 27–30–20 (1976).

On Meyer's motion, the New Jersey Order was domesticated as to Paschal. After a bench trial, the trial court dismissed the fraudulent conveyance claim with prejudice. The court ruled S.C.Code Ann. § 15–3–30 (1976) inapplicable. The court concluded Meyer's admitted knowledge of the whereabouts of both respondents prior to the running of the statute of limita-

---

1. Meyer admits the date of notice. Her argument concedes the six year statute of limitations would bar this action if Paschal and Brinkley were residents of South Carolina.

tions and the availability of substitute service of process by publication, *see* S.C.Code Ann. § 15–9–710(4) & (5) (1996), frustrated the purpose of the tolling statute; therefore, the court refused to apply the statute to toll the six year statute of limitations. *See* S.C.Code Ann. § 15–3–530(7) (1976 & Supp. 1996). Finally, the court dismissed the domestication cause of action against Brinkley because she had not been a party to the New Jersey Order. Meyer's motion to reconsider or amend judgment was denied.

## *ISSUE*

Did the trial court err in ruling the tolling provision, S.C.Code Ann. § 15–3–30 (1976), was inapplicable to appellant's fraudulent conveyance cause of action where both respondents have continuously resided outside of South Carolina and where appellant could at all times obtain personal jurisdiction over both respondents?

## *DISCUSSION*

 Meyer claims the trial court erred in ruling S.C.Code Ann. § 15–3–30 (1976) (tolling statute) does not apply to toll the six year statute of limitations. According to Meyer, the tolling statute prevents the statute of limitations from running even though a South Carolina court could acquire personal jurisdiction over the respondents under S.C.Code Ann. § 15–9–710(4) & (5) (Supp.1996) (notice by publication) or S.C.Code Ann. § 36–2–803 (1976) (long-arm statute). We disagree.

Section 15–3–30 reads as follows:

If when a cause of action shall accrue against any person he shall be *out of the State,* such action may be commenced within the terms of this chapter respectively limited after the return of such person into this State. And if, after such cause of action shall have accrued, such person shall depart from and reside outside of this State or remain continuously absent therefrom for the space of one year or more, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action.

S.C.Code Ann. § 15–3–30 (1976) (emphasis added).

South Carolina enacted this tolling provision in 1870 in order to protect its residents from defendants who were not

amenable to personal service of process because the defendants were out of the State.[2] *See Burrows v. French,* 34 S.C. 165, 13 S.E. 355 (1891) (purpose of tolling statute was to hold the doors of our courts open until the defendant comes within our courts' jurisdiction and to give the plaintiff the full time limit to sue while the defendant is within reach of the process of our courts). The first sentence of this section has been construed by this Court to include defendants who are residents of this State but out-of-state and defendants who have never resided in this State. *Burrows, supra.* In reaching this conclusion, the Court disregarded the literal meaning of the word "return" in order to give full effect to the statute's purpose.

In 1953, a South Carolina federal district court held the nonresident defendant's amenability to personal service under a substituted service statute did not prevent application of the tolling statute.[3] *Macri v. Flaherty,* 115 F.Supp. 739 (D.S.C.1953). Although the federal court expressed reservations about the continued viability of the tolling statute when a nonresident defendant was amenable to personal service, it found the tolling statute still applied to toll the statute of limitations because the substituted service statute did not contain an express exception to the tolling statute.[4] *Macri,*

---

2. Section 15-3-30 is based on the 4 Statute of Anne ch. 16, § XIX. *Burrows, supra.* This section has been interpreted to apply when the defendant is either a resident who is abroad or a foreigner who has never resided in England. *Strithorft v. Graeme,* 2 Black 723 (1770) (finding the language "return from beyond the seas" included both a resident who went abroad and a foreigner who always resided abroad); *Ruggles v. Keeler,* 3 Johns 263 (N.Y.Sup.1808).

3. South Carolina had enacted in 1949 a provision which allowed a plaintiff to serve process on the Chief Highway Commissioner when the plaintiff was injured by an out-of-state defendant's automobile. *See* S.C.Code Ann. § 15-9-350 (1976 & Supp.1996).

4. The majority of jurisdictions considering the issue of whether an out-of-state defendant's amenability to personal jurisdiction renders the tolling statute inapplicable have held defendant's amenability renders the tolling statute inapplicable. G.H. Fisher, Annotation, *Provision of statute of limitations excluding period of defendant's absence from the state as applicable to a local cause of action against individual who was a nonresident when the same arose,* 17 A.L.R.2d 502 (1951); Kenneth J. Rampino, Annotation, *Tolling of statute of limitations during absence*

*supra.* Our Court adopted the holding in *Macri* with little additional analysis or discussion concerning the effect substitute service of process and the long-arm statute have on the tolling statute. *Cutino v. Ramsey,* 285 S.C. 74, 328 S.E.2d 72 (1985) (amenability to substituted service of process under § 15–9–350 does not render the tolling statute inapplicable); *Harris v. Dunlap,* 285 S.C. 226, 328 S.E.2d 908 (1985) (the ability to obtain personal jurisdiction over an out-of-state defendant with the long-arm statute does not render the tolling statute inapplicable). For the following reasons, it is our opinion that this Court erred in adopting the holding of *Macri;* therefore, we expressly overrule *Cutino* and *Harris.*

Because the tolling statute was enacted during a period of history when the ability to obtain personal jurisdiction over an out-of-state defendant was severely limited by the due process clause,[5] this statute served the important purpose of preventing the statute of limitations from expiring on valid claims when the defendant was out-of-state and personal jurisdiction was not possible. *Pennoyer v. Neff,* 95 U.S. 714, 24 L.Ed. 565 (1877) (holding in personam jurisdiction could only be obtained if the defendant is personally served within the state's territory or the defendant voluntarily appears); *see also Coombs v. Darling,* 116 Conn. 643, 166 A. 70 (1933); Jack H. Friedenthal, et al., *Civil Procedure* §§ 3.2 & 3.3 (1985).

In the early 1900's, the jurisdictional reach of the states' courts began to expand with the development of the implied consent doctrine. Under this doctrine, by engaging in dangerous activities within the state, a nonresident defendant impliedly consented to the appointment of a public official as his agent to accept service of process. Service upon the agent acted as personal service upon the nonresident defendant and gave the state court personal jurisdiction over the nonresident defendant. 1 Robert C. Casad, *Jurisdiction in Civil Actions* § 2.02[3] (2d ed. 1991); Jack H. Friedenthal, et al., *Civil Procedure* § 3.5 (1985).

---

*from state as affected by fact that party claiming benefit of limitations remained subject to service during absence or nonresidence,* 55 A.L.R.3d 1158 (1974).

5. U.S. Const. amend. XIV, § 1.

In 1945, the United States Supreme Court adopted a more flexible standard for the assertion of personal jurisdiction. *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Under this new standard, the due process clause only required the defendant to have certain minimum contacts with the forum state such that the maintenance of the suit did not offend "traditional notions of fair play and substantial justice." *Id.* at 316, 66 S.Ct. at 158; *see also* Jack H. Friedenthal, et al., *Civil Procedure* § 3.10 (1985). Inspired by *International Shoe,* in 1955 Illinois passed the first long-arm statute which was a comprehensive jurisdictional statute based on the defendant's conduct in the forum state. 1 Robert C. Casad, *Jurisdiction in Civil Actions* § 4.01 (2d ed. 1991); Jack H. Friedenthal, et al., *Civil Procedure* § 3.12 (1985). These types of statutes greatly expanded the jurisdictional reach of the states' courts. In many cases, the long-arm statute allows a court to exert personal jurisdiction to the outer limits of the due process clause. South Carolina enacted its version of the long-arm statute in 1966 and it has been interpreted to extend to the outer limits of the due process clause. S.C.Code Ann. § 36–2–803 (1976); *Young v. Jones,* 816 F.Supp. 1070 (D.S.C.1992); *Atlantic Soft Drink Co. v. S.C. National Bank,* 287 S.C. 228, 336 S.E.2d 876 (1985).

The tolling statute must be construed in light of its history and further, when the purpose of statute and its literal meaning conflict, the purpose of the statute must be given effect. *Burrows; supra* (this Court refused to literally interpret the tolling statute; instead, the Court chose to focus on the purpose of the statute); *Browning v. Hartvigsen,* 307 S.C. 122, 414 S.E.2d 115 (1992) (a statute as a whole must receive a practical, reasonable and fair interpretation consonant with the purpose, design and policy of the lawmakers); *Hamm v. S.C. Public Service Com'n,* 287 S.C. 180, 336 S.E.2d 470 (1985) (a court will reject the literal meaning when it leads to absurd results not possibly intended by the Legislature); *Spartanburg Sanitary Sewer Dist. v. City of Spartanburg,* 283 S.C. 67, 321 S.E.2d 258 (1984) (a statute must be construed in light of its intended purposes and if such purposes can be reasonably developed from its language, the purpose will prevail over the literal import of the statute); *City of Spartanburg v. Blalock,* 223 S.C. 252, 75 S.E.2d 361 (1953) (in construing a statute, it is

proper to consider the history of the period in which it was enacted); *State v. Kizer,* 164 S.C. 383, 162 S.E. 444 (1932) (statute must be construed in light of conditions existing when enacted); *see also Coombs v. Darling,* 166 A. at 71 ("It is a general and very sound rule applicable to the construction of every statute, that it is to be taken in reference to its subject-matter; and equally, the construction ought to be with reference to the object to be accomplished by the Act and to keep in view the conditions existing"); *Arrowood v. McMinn County,* 173 Tenn. 562, 121 S.W.2d 566, 568 (1938) ("What is not within the purpose or meaning, nor within the mischief to be remedied by a statute, cannot be held included in the law, even though literally the language might include it"); *Reed v. Rosenfield,* 115 Vt. 76, 51 A.2d 189, 190 (1947) ("If it can fairly be done, a statute must be so construed as to accomplish the purpose for which it is intended, and the intention and meaning of the Legislature are to be ascertained and given effect, not from the letter of the law ... but from an examination of the whole and every part of the act, the subject-matter, the effects and consequences, and the reason and the spirit of the law, although the intention and meaning thus ascertained conflict with the literal sense of the words").

Thus, the language in the tolling statute referring to a defendant who is "out of the State" describes a defendant who is beyond the personal jurisdiction and process of the court and not simply a defendant who is physically absent from the State. *Burrows; supra* (purpose of the tolling statute is to preserve a plaintiff's cause of action during the absence of the defendant when it was impossible to serve him with process in an action in personam); *see also Coombs v. Darling, supra* ("without the state" means beyond the jurisdiction of the State's courts); *Kokenge v. Holthaus,* 243 Iowa 571, 52 N.W.2d 711 (1952) (construing the tolling statute with regard to context and the object of the statute so that "out-of-state" and "absence" meant such absence as would suspend the power of a plaintiff to secure a personal judgment against defendant); *Walsh v. Ogorzalek,* 372 Mass. 271, 361 N.E.2d 1247 (1977) (construing the words "resides out of the commonwealth" to mean a defendant who is beyond the jurisdiction and process of the court); *Bolduc v. Richards,* 101 N.H. 303, 142 A.2d 156 (1958) (construing similar statute to require

defendant's absence from the state to be such that process cannot be so served upon defendant that the judgment obtained in the suit will bind him personally); *Arrowood v. McMinn County*, 121 S.W.2d at 568 ("residence out of the state, in the sense of the statute, means such absence and such non-residence as renders it impracticable at all times to obtain service of process"); *Vaughn v. Deitz*, 430 S.W.2d 487 (Tex. 1968) (dissenting opinion) (finding "without the limits of the State" means a state does not have jurisdiction over the person).

Further, this Court should harmonize the purpose of the tolling statute with the purpose of the long-arm statute, the substitute service statutes and the statute of limitations. *See Higgins v. State*, 307 S.C. 446, 415 S.E.2d 799 (1992) (in construing a statute's language, the statute must be read as a whole and sections which are part of the same general statutory law must be construed together). The purpose of the long-arm statute, substitute service statutes and the statute of limitations is to allow parties to expeditiously adjudicate their rights. *See Reed v. Rosenfield, supra; Bolduc v. Richards, supra.* The purpose of the tolling statute is to prevent a cause of action arising in this State from becoming unenforceable by virtue of the running of the statute of limitations in cases where personal jurisdiction over a defendant cannot be obtained because the defendant is not within the State. The purpose of the tolling statute is served when the long-arm statute or substitute service statute brings the defendant within the personal jurisdiction of the court. Under these circumstances, the tolling statute is inapplicable because the need to delay the running of the statute of limitations no longer exists. Under this construction, the purposes of all the provisions are served.

To construe the tolling statute in the manner urged by the plaintiff would allow suits to be postponed indefinitely, for no good purpose, and to be brought in some cases at the virtually unlimited pleasure of the plaintiff. *See State v. Patterson*, 220 S.C. 269, 66 S.E.2d 875 (1951) (when construing a statute, it is proper for the court to look to the effects and consequences of the interpretation urged). This is highly prejudicial to the out-of-state defendant. It would allow a plaintiff to defer initiation of a suit until after the witnesses have disappeared

184

or documentary evidence has been lost, prejudices which could not logically have been intended by our Legislature.

Therefore, we find the tolling statute is inapplicable when the nonresident defendant is amenable to personal service of process and the defendant can be brought within the personal jurisdiction of our courts. Our holding is limited to situations similar to the instant case in which the name and location of the defendant is known to the plaintiff. The period of limitations may be tolled when that information is not known to the plaintiff. Whether the plaintiff had such knowledge could conceivably be a question of fact.

Meyer's suit is barred by the statute of limitations because she knew the location of respondents who were at all times amenable to personal service of process.

**AFFIRMED.**

FINNEY, C.J., TOAL, MOORE and WALLER, JJ., concur.