James D. **ALDAY** and Lorri Alday, **Plaintiffs,**

v.

**TECPHY DIVISION FIRMINY,** Defendant.

C/A No. 2:97–2356–18.

United States District Court, D. South Carolina, Charleston Division.

June 8, 1998.

Julian Toporek, Savannah, GA, Lawrence Needle, Columbia, SC, for Plaintiffs.

Robert Brunson, Columbia, SC, for Defendant.

## ORDER

NORTON, District Judge.

This action is before the court on Defendant's Motion for Summary Judgment.

On August 10, 1994, Plaintiff James Alday was injured by steel mandrels he was transporting in a crate in his tractor-trailer. Plaintiffs allege that Defendant caused Mr. Alday's injuries by, among other things, negligently securing the steel mandrels.

Plaintiffs filed their Complaint on August 6, 1997, but did not lodge a copy of the Complaint with the sheriff nor did they serve Defendant with the Complaint before August 10, 1997. Defendant moved for Summary Judgment, alleging that this action is barred by the applicable three-year statute of limitations. Plaintiffs argue the statute of limitations has been tolled by S.C.Code Ann. § 15–3–30.

A federal court sitting in diversity must follow state law in determining when an action is commenced for purposes of applying the statute of limitations. *Collins v. R.J. Reynolds Tobacco Co.*, 901 F.Supp. 1038, 1041 n. 1 (D.S.C.1995), *aff'd* 92 F.3d 1177 (4th Cir.1996); *Sunshine Sportswear & Electronics, Inc. v. WSOC Television, Inc.*, 738 F.Supp. 1499, 1511 (D.S.C.1989)(citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980)). South Carolina law is applicable to this tort action because the accident occurred in South Carolina. *See Dawkins v. State*, 306 S.C. 391, 412 S.E.2d 407 (1991).

The accident giving rise to this action occurred on August 10, 1994. (Complaint at ¶¶ 8–11). The statute of limitations applicable to a personal injury negligence action is three years. *See* S.C.Code Ann. § 15–3–530. Accordingly, Plaintiffs had to commence this action before the statute of limitations ran on August 10, 1997.

Under South Carolina law, an action is commenced by filing and service of the summons and complaint unless otherwise tolled. S.C.R.C.P. 3(a); *Collins*, 901 F.Supp. at 1041 n. 1; *Sunshine Sportswear*, 738 F.Supp. at 1511. Although Plaintiffs filed their Complaint before the statute of limitations ran, they concede that they did not serve Defendant with the Summons and Complaint until more than three years after the accident.

Nonetheless, Plaintiffs argue they timely served Defendant because S.C.Code Ann. § 15–3–30 tolls the running of the statute of limitations against a non-resident corporation like Defendant. Section 15–3–30 of the South Carolina Code provides:

> If when a cause of action shall accrue against any person he shall be out of the State, such action may be commenced within the terms in this chapter respectively limited after the return of such person into this State. And if, after such cause of action shall have accrued, such person shall depart from and reside out of this state or remain continuously absent therefrom for the space of one year or more, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action.

S.C.Code Ann. § 15–3–30.

Defendant argues, however, that section 15–3–30 is unconstitutional as an impermissible burden on interstate commerce. *Guyton v. J.M. Manufacturing, Inc.*, 894

F.Supp. 252 (D.S.C.1995)(holding that S.C.Code Ann. § 15–3–30 is an impermissible burden on interstate commerce in violation of the Commerce Clause of the United States Constitution)(citing *Bendix Autolite Corp. v. Midwesco Enterprises, Inc.,* 486 U.S. 888, 108 S.Ct. 2218, 100 L.Ed.2d 896 (1988)).[1]

■ Where a State denies ordinary legal defenses or like privileges to out-of-state persons or corporations engaged in commerce, the state law will be reviewed under the Commerce Clause to determine whether the denial is discriminatory on its face or an impermissible burden on commerce. *Bendix,* 486 U.S. at 893, 108 S.Ct. 2218; *see also Guyton,* 894 F.Supp. at 254. The State may not condition the exercise of the defense on the waiver or relinquishment of rights that the foreign corporation would otherwise retain. *Bendix,* 486 U.S. at 893, 108 S.Ct. 2218; *see also Guyton,* 894 F.Supp. at 254.

In striking down the tolling statutes at issue, the *Bendix* and *Guyton* courts found that the burden imposed on interstate commerce by the tolling statutes exceeded any local interest advanced. *Bendix,* 486 U.S. at 891, 108 S.Ct. 2218; *Guyton,* 894 F.Supp. at 254. Both courts noted that the ability to execute service of process on foreign corporations is an important factor to consider in assessing the local interest in subjecting out-of-state entities to requirements more onerous than those imposed on domestic parties. *Id.* In each case, the court found that the State could not justify its tolling statute as a means of protecting its residents from corporations who became liable for acts done within the State but later withdraw from the jurisdiction because the State's long-arm statute would have permitted service on the foreign corporation throughout the period of limitations. *Id.*

■ Despite Defendant's persuasive argument, a statute should be construed so as to avoid any constitutional invalidation where possible. *Almendarez–Torres v. United States,* ––– U.S. –––, 118 S.Ct. 1219, 1227, 140 L.Ed.2d 350 (1998) (citations omitted); *McMahan v. International Assoc. of Bridge, Structural & Ornamental Iron Workers,* 858 F.Supp. 529, 536 (D.S.C.1994)(citing *Anderson v. Babb,* 632 F.2d 300 (4th Cir. 1980)). Thus, if any constitutionally defensible interpretation of a statute may be found, that interpretation must be adopted in order to preserve the statute. *McMahan,* 858 F.Supp. at 537 (citing *Concrete Pipe & Prods., Inc. v. Construction Laborers Pension Trust,* 508 U.S. 602, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993)); *Henderson v. Evans,* 268 S.C. 127, 232 S.E.2d 331 (1977).

■ The South Carolina Supreme Court recently interpreted the meaning and application of section 15–3–30. In so doing, the court reviewed the history and purpose of South Carolina's tolling statute, long-arm statute, and statute of limitations. In reconciling the three statutes, the court specifically found that "the tolling statute is inapplicable when the nonresident defendant is amenable to personal service of process and the defendant can be brought within the personal jurisdiction of our courts." *Meyer v. Paschal,* 330 S.C. 175, 498 S.E.2d 635, 639 (1998).

With this interpretation of section 15–3–30, the constitutional concerns raised in *Bendix* and *Guyton* are not present. Under this construction, foreign corporations are not required to have a registered agent in the State in order to benefit from a statute of limitations defense. Thus, the State has not conditioned the exercise of a "defense on the waiver or relinquishment of rights that [a] foreign corporation would otherwise retain." *Bendix,* 486 U.S. at 893, 108 S.Ct. 2218; *see also Guyton,* 894 F.Supp. at 254.

---

1. The *Guyton* court relied heavily on *Bendix,* in which the Supreme Court found the following Ohio statute violated the Commerce Clause:

When a cause of action accrues against a person, if he is out of the state, has absconded, or conceals himself, the period of limitation for the commencement of the action ... does not begin to run until he comes into the state or while he is so absconded or concealed After the cause of action accrues if he departs from the state, absconds, or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought.

*Id.* at 254, 108 S.Ct. 2218 (citing *Bendix,* 486 U.S. at 890 n. 1, 108 S.Ct. 2218).

The *Meyer* court limited its holding to situations where the name and location of the defendant is known to the plaintiff, stating that the period of limitations may be tolled when the information is not known to plaintiff. *Meyer*, 498 S.E.2d 635, 639. The *Meyer* court did not elaborate on the limitation. This court concludes that the limitations period may be tolled when the name and location of the defendant is not known to plaintiff and is not able to be discovered by reasonable methods before the statute of limitations runs. This conclusion is in harmony with the history and purpose behind South Carolina's tolling statute, long-arm statute, and statute of limitations and the *Meyer* court's analysis.

In his affidavit, Plaintiffs' attorney states that he did not learn of the existence and involvement of Defendant until approximately August 1, 1997. Since the statute of limitations did not run until August 10, 1997, Plaintiffs filed their Complaint within the three year period. Defendant was amenable to service of process under the Hague Convention in combination with Federal Rules of Civil Procedure Rule 4, and Plaintiffs simply failed to serve Defendant on time.

Under these circumstances, S.C.Code Ann. § 15-3-30 does not toll the running of the statute of limitations. Accordingly, Plaintiffs did not timely commence this action.

It is therefore,

ORDERED, that Defendant's Motion for Summary Judgment be GRANTED.

AND IT IS SO ORDERED.