517 S.E.2d 430

**Joseph S. TIRALANGO, Respondent,**

v.

**Theberge Celine BALFRY, Petitioner.**

No. 24953.

Supreme Court of South Carolina.

Heard April 6, 1999.
Decided June 14, 1999.
Rehearing Denied July 17, 1999.

Richard A. Farrier, Jr. and Dierdre Shelton McCool, both of Nelson, Mullins, Riley & Scarborough, LLP, of Columbia, for petitioner.

Thomas W. Greene, of Greene Law Firm, of Charleston, for respondent.

WALLER, Justice:

We granted a writ of certiorari to review the Court of Appeals' decision in *Tiralango v. Balfry,* 329 S.C. 228, 495 S.E.2d 234 (Ct.App.1997). We reverse.

## FACTS

Tiralango, a New York resident, and Balfry, a Quebec resident, were involved in an auto accident in Myrtle Beach on April 5, 1992. A police report showing Balfry's address was prepared on the day of the accident. However, Tiralango did not learn the address until he wrote for and received a copy of the police report, approximately one month later. Tiralango filed a summons and complaint against Balfry on March 21, 1995. He served Balfry on April 11, 1995. The circuit court granted Balfry summary judgment on the ground the action was barred by the three year statute of limitations in S.C.Code Ann. § 15–3–530(5) (Supp.1996).[1] The Court of Appeals reversed, finding the statute of limitations tolled as Balfry had departed from and remained outside the state of South Carolina for more than one year. *Tiralango v. Balfry,* 329 S.C. 228, 495 S.E.2d 234 (Ct.App.1997).[2] We granted

---

1. Section 15–3–530(5) provides a three year statute of limitations for "any injury to the person or rights of another, not arising on contract and not enumerated by law . . ."

2. S.C.Code § 15–3–30 provides:

certiorari to assess the impact of our recent decision in *Meyer v. Paschal*, 330 S.C. 175, 498 S.E.2d 635 (1998).

## DISCUSSION

■ Subsequent to the Court of Appeals' opinion in this matter, this Court decided *Meyer v. Paschal* in which we held the tolling provisions of section 15–3–30 are inapplicable when a nonresident defendant is amenable to personal service and may be brought within the jurisdiction of South Carolina courts.[3] It is undisputed that Balfry was at all times amenable to personal service and subject to the jurisdiction of South Carolina courts. Accordingly, under a literal interpretation of *Meyer*, it is patent the tolling statute would not apply such that Tiralango's suit is barred. However, *Meyer* was expressly limited, as follows:

> Our holding is limited to situations similar to the instant case in which the name and location of the defendant is **known to the plaintiff. The period of limitations may be tolled when that information is not known to the plaintiff.** Whether the plaintiff had such knowledge could conceivably be a question of fact.

330 S.C. at 184, 498 S.E.2d at 639 (emphasis supplied). It is undisputed that Tiralango did not learn Balfry's address until approximately one month after the accident. Accordingly, the question is whether the statute was tolled during this one month period.[4]

---

If when a cause of action shall accrue against any person he shall be out of the State, such action may be commenced within the terms in this chapter respectively limited after the return of such person into this State. And if, after such cause of action shall have accrued, such person shall depart from and reside out of this State or remain continuously absent therefrom for the space of one year or more, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action.

**3.** *Meyer* specifically overruled prior case law which had held the tolling statute applied to absent defendants notwithstanding their amenability to personal service.

**4.** If tolled, the statute would not have begun to run until May 5, 1992, such that Tiralango's complaint, served on Balfry on April 11, 1995, would fall within the three year statute.

■ Resolution of this issue turns upon construction of the phrase "known to the plaintiff" in *Meyer*. If construed as a requirement of actual, subjective knowledge, then the statute is tolled for the period during which Tiralango did not "know" Balfry's address. If construed as an objective knowledge requirement, i.e., "could have/should have known," then the statute is not tolled as Balfry's address was at all times available. We find the latter construction more consistent with our opinion in *Meyer*, and with the reasoning in other jurisdictions.[5]

■ In *Meyer*, we addressed the rationale for holding the statute is not tolled when the defendant is amenable to service, stating, "[t]o construe the tolling statute in the manner urged by the plaintiff (i.e., as being tolled until the plaintiff decides to serve the defendant) would allow suits to be postponed indefinitely, for no good purpose, and to be brought in some cases at the virtually unlimited pleasure of the plaintiff." 330 S.C. at 183, 498 S.E.2d at 639. In the present case, were we to apply an actual knowledge requirement, Tiralango would have been free to wait six months or one year (or longer) to obtain the report and the statute would nonetheless be tolled, notwithstanding the address was at all times available to him. Such a result is patently inconsistent with our holding in *Meyer* and, accordingly, we decline to so hold.

Moreover, authority in other jurisdictions accords with our view. In *Slayden v. Sixta*, 15 Kan.App.2d 625, 813 P.2d 393 (1991), the issue was whether the defendant's absence from the state tolled the statute of limitations where the plaintiff did not, for a time, know the defendant's whereabouts. *Slayden* held the only reasonable and logical construction of "whether the defendant's whereabouts were known" was whether the plaintiff actually knew the defendant's whereabouts or whether the plaintiff could, through the exercise of reasonable diligence, have known the defendant's whereabouts. *See also Sullivan v. Trustmark Nat'l Bank*, 653

5. Recently, in *Alday v. Tecphy Div. Firminy*, 10 F.Supp.2d 562 (D.S.C. 1998), the federal district court interpreted *Meyer* as establishing an objective knowledge requirement stating the limitations period is tolled if the defendant's name and location is not known to the plaintiff, "**and is not able to be discovered by reasonable methods** before the statute of limitations runs."

So.2d 930 (Miss.1995) (statute of limitations not tolled if plaintiff knew, or should have known, of defendant's whereabouts); *Johnson v. Stuenzi,* 696 A.2d 237 (Pa.Super.1997) (applying "reasonable diligence" standard to plaintiff's efforts to locate defendant); *Doyle v. Shubs,* 717 F.Supp. 946, 951, n. 4 (D.Mass.1989) (implying that courts should adopt standard that defendant's name or location "could not reasonably have been known" during the limitations period).

In accordance with the above authority, we construe the language in *Meyer* as requiring an objective test of knowledge, i.e., the statute is tolled when the plaintiff did not, and could not reasonably have known the whereabouts of the defendant. Under the facts of this case, the defendant's whereabouts were at all times discoverable such that Tiralango could reasonably have known Balfry's address from the date of the accident. Accordingly, the statute was not tolled, and the Court of Appeals' opinion is

**REVERSED.**[6]

FINNEY, C.J., TOAL, MOORE, and BURNETT, JJ., concur.

---

6. We note also that Tiralango timely filed this action in March, 1995. He simply failed to serve Balfry until April 11, 1995, notwithstanding he had obtained her address in May, 1992. Accordingly, it is patent that the one month delay in obtaining Balfry's address in no way contributed to his untimely service. *Accord Doyle v. Shubs,* 717 F.Supp. 946 (D.Mass.1989) (purpose of tolling provisions inapplicable where plaintiff's lack of knowledge of defendant's address did not cause delay in filing lawsuit).