559 S.E.2d 841

**Khalill RAFSANJONI, Petitioner,**

v.

**John DOE and Christopher D. Wood, Defendants,**

**of whom Christopher D. Wood is, Respondent.**

No. 25408.

Supreme Court of South Carolina.

Heard Oct. 24, 2001.

Decided Feb. 11, 2002.

J. Marvin Mullis, Jr. of Mullis Law Firm, of Columbia, and Frank A. Barton, of West Columbia, for petitioner.

David S. Cobb of Turner, Padget, Graham & Laney, of Charleston, for respondent.

Justice WALLER:

We granted a writ of certiorari to review the Court of Appeals' unpublished opinion in *Rafsanjoni v. Doe,* 2000–UP–096 (S.C. Ct.App. filed Feb. 15, 2000). We reverse.

## FACTS

Petitioner, Khalill Rafsanjoni, was hit by two automobiles while crossing Harden Street in Columbia on January 7, 1995. One of the automobiles was driven by Respondent, Christopher Wood, and the other by an unknown driver, John Doe.[1]

---

1. It appears service was never perfected upon Doe; however, that matter is not before the Court.

Rafsanjoni filed a summons and complaint (S & C) on Jan. 2, 1998 (5 days prior to expiration of the three year statute of limitations), with the Richland County Clerk of Court, and simultaneously delivered the S & C to the Horry County Sheriff for service on Wood.[2] An affidavit of non-service was returned by the Sheriff on January 30, 1998; the affidavit stated Wood had moved to an address in Lexington, Kentucky. Thereafter, Wood was served on Feb. 12, 1998, by certified mail, restricted delivery, return receipt requested. Wood's motion to dismiss the complaint based upon the statute of limitations (SOL) was granted. The Court of Appeals affirmed.

## ISSUE[3]

Was the statute of limitations tolled when Wood moved out of state on December 26, 1997?

## DISCUSSION

Rafsanjoni contends the statute of limitations was tolled pursuant to S.C.Code Ann. § 15-3-30 (1976), when Wood moved out of the state on December 26, 1997, twelve days prior to the expiration of the limitations period. We agree.

Section 15-3-30 provides:

If when a cause of action shall accrue against any person he shall be out of the State, such action may be commenced within the terms in this chapter respectively limited after the return of such person into this State. And if, after such cause of action shall have accrued, such person shall depart from and reside out of this State or remain continuously absent therefrom for the space of one year or more, the time of his absence shall not be deemed or taken as any

---

2. At the time of the accident, Wood was a student at the University of South Carolina residing in Cayce, but the address listed on his driver's license was his parents' address in Myrtle Beach. Wood established residency in Columbia upon his graduation in May, 1996. His driver's license was changed to reflect the Columbia address, and he remained in Columbia until Dec. 26, 1997, when he moved to Lexington, Kentucky.

3. In light of our holding, we need not address Rafsanjoni's remaining issue.

part of the time limited for the commencement of such action.

In *Meyer v. Paschal,* 330 S.C. 175, 498 S.E.2d 635 (1998), we held the tolling provisions of § 15-3-30 are inapplicable in situations in which the defendant is amenable to personal service of process and can be brought with the personal jurisdiction of South Carolina courts. However, *Meyer* is limited to situations in which the name and location of the defendant is known to the plaintiff; the limitations period may be tolled when that information is not known to the plaintiff. *Id.* at 184, 498 S.E.2d at 639. In *Tiralango v. Balfry,* 335 S.C. 359, 517 S.E.2d 430 (1999), we interpreted *Meyer* as requiring an objective test of knowledge, i.e., the statute is tolled when the plaintiff did not, and could not reasonably have known the whereabouts of the defendant.

On the facts before us, we hold Rafsanjoni was not reasonably required to have known the Kentucky address prior to expiration of the SOL, such that the statute was tolled upon Wood's departure from the state.[4]

It is undisputed that, at the time of the accident, Wood's permanent address was his parents' home in Myrtle Beach. Thereafter, he moved to Richland County in May 1996, where he remained until December 26, 1997, twelve days prior to the expiration of the SOL. Although the Sheriff's return dated January 30, 1998 indicates a Lexington, Kentucky address, there is no indication in the appendix at to the exact date on which Wood established residency there. Under these circumstances, we find Rafsanjoni was not reasonably required to know Wood's Kentucky address prior to expiration of the statute of limitations; indeed, to hold otherwise would defeat the purpose of the tolling provisions of S.C.Code Ann. § 15-3-30.[5] Accordingly, the Court of Appeals opinion is

---

4. Although it appears Wood was subject to service pursuant to the long-arm statute, the critical inquiry is whether Rafsanjoni knew or should have known Wood's Kentucky address.

5. We note that both the trial court and Court of Appeals were troubled by the fact that Rafsanjoni filed his S & C only 5 days prior to the expiration of the statute of limitations. This is simply irrelevant. Rafsanjoni had three full years in which to file suit, and the fact that Woods moved out of state immediately prior to the statute running

**REVERSED.**[6]

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.

cannot be deemed to somehow shorten that period. *Cf. Carras v. Johnson,* 77 Wash.App. 588, 892 P.2d 780 (1995)(plaintiff has full period of statute of limitation within which to attempt to effect service; waiting until days before statute runs does not militate against finding of due diligence).

6. We also reject Wood's claim that section 15–3–30 is inapplicable because he had not resided outside South Carolina for more than one year. Contrary to Wood's contention, the statute clearly creates two different categories of absent defendants: those who depart and reside out of state at any time prior to expiration of the SOL, and those who leave the state for a period of one year or more, with the intent to return.