**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Pinepoint Associates, LP, Respondent,

v.

Vanevery Enterprises, Inc., Sandy Vanevery, GTH Enterprises, Inc., and Timothy R. Sebold, Defendants,

Of whom Vanevery Enterprises, Inc. and Sandy Vanevery are the Appellants.

Appellate Case No. 2013-000450

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

Unpublished Opinion No. 2014-UP-168
Submitted February 1, 2014 – Filed April 16, 2014

**AFFIRMED**

David K. Haller, of Haller Law Firm, of Charleston, for Appellants.

David Jay Parrish, of Nexsen Pruet, LLC, of Charleston, for Respondent.

**PER CURIAM:** Vanevery Enterprises, Inc. and Sandy Vanevery (collectively, Tenant) appeal the circuit court's grant of summary judgment to Pinepoint Associates, LP (Landlord), arguing the circuit court erred in finding the statute of limitations was tolled when Tenant moved to North Carolina and Tenant's obligations under the lease were not assigned to a third party. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred in finding the statute of limitations was tolled against Vanevery Enterprises, Inc.: *Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) ("Under the two issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case."). Because Vanevery Enterprises, Inc. failed to appeal the circuit court's ruling that the statute of limitations was equitably tolled, it is the law of the case.

2. As to whether the circuit court erred in finding the statute of limitations was tolled against Sandy Vanevery in his capacity as a personal guarantor: S.C. Code Ann. § 15-3-30 (2005) (tolling the statute of limitations when a person against whom a cause of action has accrued "depart[s] from and reside[s] out of this [s]tate or remain[s] continuously absent therefrom for the space of one year or more"); *Meyer v. Paschal*, 330 S.C. 175, 184, 498 S.E.2d 635, 639 (1998) ("The period of limitations may be tolled when [the defendant's whereabouts are] not known to the plaintiff."); *Tiralango v. Balfry*, 335 S.C. 359, 363, 517 S.E.2d 430, 432 (1999) (construing the knowledge requirement set forth in *Meyer*, 330 S.C. at 184, 498 S.E.2d at 639, "as requiring an objective test of knowledge, i.e., the statute is tolled when the plaintiff did not, and could not reasonably have known the whereabouts of the defendant").

3. As to whether the circuit court erred in finding Tenant's obligations under the lease were not assigned to a third party: *Scalise Dev., Inc. v. Tidelands Invs., LLC*, 392 S.C. 27, 32, 707 S.E.2d 440, 443 (Ct. App. 2011) ("Summary judgment is proper when no issue exists as to any material fact and the moving party is entitled to judgment as a matter of law."); *Layman v. State*, 368 S.C. 631, 640, 630 S.E.2d 265, 269 (2006) ("Once the bargain is formed, and the obligations set, a contract may only be altered by mutual agreement and for further consideration.").

**AFFIRMED.**[1]

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.